UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**PRISCILLA LEFEBURE**
*Plaintiff*

**VERSUS**

**BARRETT BOEKER, et. al.**
*Defendants*

CIVIL ACTION

NO. 17-1791-SDD-EWD

## JOINT STATUS REPORT

**A.     JURISDICTION**

Plaintiff's civil rights action arises under Title 42 of the United States Code Sections 1983, 1988, 12131, 12205, and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction under Title 28 of the United States Code, Sections 1331 and 1343. This Court has a supplemental jurisdiction of Plaintiff's related state law claims under Title 28 of the United States Code, Section 1367.

**B.     BRIEF EXPLANATION OF THE CASE**

**1**.     **Plaintiff's Claims**

Priscilla Lefebure was violently and forcibly raped twice on the grounds of the Louisiana State Penitentiary by Assistant Warden Barrett Boeker. In the investigation and purported prosecution that followed, Defendants failed to investigate Ms. Lefebure's rape and instead sought only to protect Barrett Boeker. These actions violated Ms. Lefebure's constitutional right to equal protection and due process under the Fourteenth Amendment to the United States Constitution and the Louisiana State Constitution.

Plaintiff alleges that Defendants' actions to protect and immunize Boeker amounted to a civil conspiracy to violate her civil rights as each of them took steps to ensure that Mr. Boeker would not be investigated for her rape. All of these actions were in violation of 42 U.S.C. § 1983 and 1985. Ms. Lefebure also brings state law claims against Defendant Boeker for intentional infliction of emotional distress, assault, and other and state torts. Ms. Lefebure also brings a direct action against Defendants' insurer Princeton Excess and Surplus Lines Insurance Company.

Plaintiff filed her complaint in this matter on December 21, 2017, and her First Amended Complaint on June 5, 2018.

Defendant Boeker filed a motion to dismiss all of Plaintiff's claims, which this Court granted in part and denied in part on June 26, 2019.

Defendants Boeker, Daniel, and Princeton Excess have filed answers and asserted defenses in this case.

This case was stayed on September 25, 2019, pending the outcome of Defendant D'Aquilla's appeal of this Court's partial denial of his Motion to Dismiss. On February 9, 2021 the Fifth Circuit reversed and granted Defendant D'Aquilla's motion, finding Plaintiff lacked standing to seek prosecution of Defendant Boeker. The Fifth Circuit denied Plaintiff's request for en banc review on October 5, 2021, and issued an updated opinion reflecting Judge Graves' dissent.

Plaintiff is currently seeking an extension of time to file a petition for writ of certiorari with the U.S. Supreme Court. Plaintiff has asked the court for an extension until March 4, 2022. Should the U.S. Supreme Court grant Plaintiff's request for certiorari review, Plaintiff reserves the right to seek a stay of the proceedings in this Court.

**2.    Defendants' Claims**

**Defendant Barrett Boeker with respect to §§ 1983 & 1985 Conspiracy Claims**

Mr. Boeker, with respect to the §§ 1983 and § 1985 conspiracy claims [hereinafter collectively "Conspiracy Claims'] asserted against him, denies any and all allegations of a conspiracy and denies that he is liable unto Plaintiff. Mr. Boeker further denies that Plaintiff is entitled to recover any measure of damages sought in connection with the Conspiracy Claims and asserts that he is required to recover reasonable expenses, including reasonable attorney fees incurred, for having to defend the Conspiracy Claims. Mr. Boeker did not conspire with the Sheriff's Office or District Attorney's Office to violate Plaintiff's constitutional rights.

**Defendant Barrett Boeker with respect to §§ 1983 & 1985 Conspiracy Claims**

Boeker with respect to state law claims

**Defendant J. Austin Daniel**

Sheriff Daniel has filed an answer to the First Amended Complaint and has asserted defenses therein. Defendant Daniel anticipates filing a motion for judgment on the pleadings or, in the alternative, a more definite statement.

Defendant, Sheriff J. Austin Daniel ("the Sheriff"), asserts Plaintiff has failed to properly allege any claims against him arising out of his official capacity and, as such, such claims should be dismissed, with prejudice.

The Sheriff further avers Plaintiff has failed to properly allege any conspiracy claim against him, insofar as Plaintiff has failed to meet the heightened pleading requirement necessary to successfully assert such a claim and, as such, should be dismissed, with prejudice.

Further, Plaintiff's causes of action arising under Louisiana state law have prescribed and, as such, should be dismissed, with prejudice.

Finally, barring granting of the relief requested above, the Sheriff will move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**C.    PENDING MOTIONS**

No motions are currently pending in this matter.

**D.    ISSUES**

**All of the issues below are disputed by the parties:**

1. Whether Defendants violated Ms. Lefebure's constitutional rights under the 14th Amendment and/or the Louisiana State Constitution.

2. Whether Defendants' actions or omissions entitle the Plaintiff to relief under state tort law.

3. Whether Plaintiff is entitled to seek declaratory and/or injunctive relief.

4. What, if any, damages are owed to Plaintiff.

**Additional Issues Disputed by Defendant Boeker with respect to Conspiracy Claims**

5. Whether Mr. Boeker, Sheriff Daniel, and DA D'Aquila conspired to violate Plaintiff's constitutional rights.

**Additional Issues Disputed by Defendant Sheriff Daniel**

6. Whether Plaintiff has failed to allege facts which support any violations of constitutional rights under federal or state law.

7. Whether Plaintiff has failed to allege any claims upon which relief may be granted under federal or state law.

8. Whether Plaintiff has properly pled a claim for conspiracy to violate civil rights.

9. Whether Defendant J. Austin Daniel is liable for conspiracy to violate civil rights in this matter.

10. Whether Plaintiff properly pled a claim for abuse of process.

11. Whether Defendant J. Austin Daniel is liable for committing abuse of process in this matter.

12. Whether Defendant J. Austin Daniel committed any infraction or caused any damages to Plaintiff.

13. Whether Defendant J. Austin Daniel is entitled to qualified immunity.

14. Whether Defendant J. Austin Daniel acted in good faith in the performance of official duties.

15. Whether Defendant J. Austin Daniel is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988 or any other applicable statute.

16. Whether Defendant J. Austin Daniel is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

17. Any and all other issues of law inherent in the Pleadings in this matter.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages;

Plaintiff contends that damages exceed the jurisdictional requirement of $75,000. Damage amounts to be proven at trial include Ms. Lefebure's physical injuries, extreme physical, mental, and emotional distress, as well as her pain and suffering, past, present, and future, loss of wages, loss of future income and economic opportunity. Plaintiff claims compensatory, punitive, and all other damages allowed by law.

2. Defendants' calculation of offset and/or plaintiff's damages.

   Defendants deny that any damages are due to the Plaintiff.

   **Defendant Boeker with respect to Conspiracy Claims**

   Mr. Boeker, with respect to the Conspiracy Claims, denies that he is liable unto Plaintiff, and denies that Plaintiff is entitled to recover damages, attorney's fees, or costs.

   **Defendant Daniel**

   Defendant J. Austin Daniel further contends that Plaintiff is not entitled to recover any damages against him insofar as he is entitled to qualified immunity and immunity arising under La. R.S. 9.2798.1. Further, Plaintiff has failed to meet the necessary pleading requirements in this matter and, as such, her claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(c). Finally, barring the relief requested, Plaintiff should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

3.      Counterclaimant/cross claimant/third party's calculation of damages: N/A

F.      **SERVICE**

All Defendants have been served.

G.      **DISCOVERY**

1.      Have the initial disclosures required under FRCP 26(a)(1) been completed?

By Plaintiff:
    [ ] YES    [ X ] NO

By Defendants:
    [ ] YES    [ X ] NO

A.      Do any parties object to initial disclosures?
    [ ] YES    [ X ] NO

For any party who answered *yes*, please explain your reasons for objection:

B.      Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures:

The parties agree that initial disclosures will be exchanged no later than January 4, 2022.

2.      Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): **None.**

By defendant(s): **None.**

3.      Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example, are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?).

**Plaintiff:** None at this time, but due to the sensitive nature of the harm Ms. Lefebure suffered, Plaintiff reserves the right to request a protective order from the Court as needed.

**Defendants:**

Defendants reserve the right to request a protective order from this Court as needed.

5

4. **Discovery from experts:**

Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiff:** Potential experts in investigative, law enforcement, and prosecutorial practices; an expert in trauma and its effects; a medical expert; and a polygraph expert may be offered.

**By Defendant(s):**

**Defendant Boeker with respect to Conspiracy Claims**

Mr. Boeker has not retained any expert witnesses and does not anticipate retaining any experts at this time with respect to the Conspiracy Claims alleged. Mr. Boeker reserves the right to identify experts in accordance with the expert disclosure deadline contained in the Court's Scheduling Order should Plaintiff timely identify and retain any experts of her own.

**Defendant J. Austin Daniel**

Unknown at this time.

H. **PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

    The parties have agreed to exchange initial disclosures no later than Tuesday January 4, 2022.

2. Recommended deadline to join other parties or to file a motion for leave to amend the pleadings:

    February 6, 2022.

3. Filing all discovery motions and completing all discovery except experts:

    August 30, 2022

4. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff's Experts:
    September 16, 2022

Defendant's Experts:

<u>Plaintiff Lefebure proposes:</u>

September 30, 2022

<u>Defendants Daniel and Boeker with respect to Conspiracy Claims propose:</u>
November 5, 2022

Defendants should not be required to identify expert witnesses before Plaintiff produces expert reports

5. Exchange of expert reports:

Plaintiff's Expert Reports:

November 4, 2022

Defendant's Expert Reports:

<u>Plaintiff Lefebure proposes:</u>

November 18, 2022

<u>Defendants Daniel and Boeker with respect to Conspiracy Claims</u>
December 15, 2022

6. Completion of discovery from experts:

January 31, 2023

7. Filing dispositive motions and Daubert motions:

February 31, 2023

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

**I.    TRIAL**

1. Has a demand for trial by jury been made?

[X] YES      [ ] NO

2. Estimate the number of days that trial will require:

7

Plaintiff estimates the trial will take six to ten days.

J.     **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES     [ X ] NO

K.     **SETTLEMENT:**

1. Please set forth what efforts, if any, the parties have made to settle this case.

   Counsel for Plaintiff has engaged in limited settlement discussions with certain Defendants and remains open to discussing settlement options.

3   2. Do the parties wish to have a settlement conference?

[ ] YES   [ X ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**Defendant Boeker with respect Conspiracy Claims**

Only if necessary and after the Court rules on all dispositive motions, and if undersigned counsel is able to obtain monetary authority to settle the case from the Louisiana Office or Risk Management.

L.     **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United State Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C.§636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Firth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court.

[ ] YES     [ X ] NO

Respectfully submitted,

*/s/ Jack Rutherford*

8

Jack Rutherford, La. Bar No. 34968
Jessica L. Orgeron, La. Bar No. 32623
(*MDLA admission pending*)
Rutherford Law PC
900 Camp St.
New Orleans, Louisiana 70130
(415) 794-5639
jgr@rfordlaw.com
jess@rfordlaw.com
***Counsel for Plaintiff Priscilla Lefebure***

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: *[signature]*

LEE J. LEDET (#33237)
Special Assistant Attorney General

ERLINGSON BANKS, PLLC
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Fax: (225) 246-2876
lledet@erlingsonbanks.com
***Attorney for Barrett Boeker with respect to §§ 1983 and 1985 Conspiracy Claims***

*s/ Jason P. Wixom*
Jason P. Wixom (#32273)
Frosch Rodrigue Arcuri
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Phone: (504)592-4600
Fax: (504)592-4641
E-mail: jwixom@fralawfirm.com
***Counsel for Defendant Sheriff J. Austin Daniel***

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

*/s/ Jack Rutherford*