UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRISCILLA LEFEBURE,<br>*Plaintiff* | CIVIL CASE NO.: 3:17-cv-01791-BAJ-EWD |
| VERSUS | JUDGE BRIAN A. JACKSON |
| BARRETT BOEKER, et al.<br>*Defendants* | MAG. JUDGE ERIN WILDER-DOOMES |

## PLAINTIFF PRISCILLA LEFEBURE'S BRIEF ON JURISDICTION AND TRIAL ON HER CLAIMS AGAINST DEFENDANT BOEKER DURING PENDENCY OF APPEAL

In response to this Court's May 4, 2023 Order, ECF No. 162, Plaintiff Priscilla Lefebure presents her brief in support of this Court maintaining jurisdiction over her claims against Defendant Barrett Boeker during the pendency of her appeal of this Court's Order dismissing her claims against Defendant Sheriff Austin J. Daniel.

## I.    FACTUAL BACKGROUND

Ms. Lefebure filed her complaint against Defendants Barrett Boeker, West Feliciana Parish Sheriff J. Austin Daniel, and West Feliciana Parish District Attorney Samuel D'Aquilla on December 21, 2017, alleging violations of federal and state constitutional protections and state law stemming from Mr. Boeker's December 2016 rape and assault of Ms. Lefebure in his Louisiana State Penitentiary uniform at his home on the grounds of the prison. *See* ECF Nos. 1, 37.

Ms. Lefebure claimed her right to equal police protection and her rights to an equal investigation were violated when Mr. Boeker acted under color of law during the assaults and after when he sought favorable treatment from the District Attorney and Sheriff throughout their

investigation to prevent the facts from coming to light and to turn the scrutiny on Ms. Lefebure, the victim in this matter. FAC ¶¶1-2, 5-23, 28-30, 32-34, 39-45, 48-49, 53-60, 64-68, 79-80, 88-142.

Ms. Lefebure alleged section 1983 and 1985 conspiracy claims against all three defendants for their collusion to violate her civil rights and protect Boeker. FAC ¶¶ 88-142. She also alleged independent section 1983 claims against each defendant, including Mr. Boeker, for the individual acts they took in violation of her rights to equal protection of the law, equal police protection, and equal investigation. See FAC ¶¶1-2, 5, 39-45, 48-49, 53-60, 64-68, 79, 81-82, 88-142.

Defendant Boeker filed a Motion to Dismiss the state law claims brought against him in his individual capacity on July 9, 2018. ECF No. 51. At that time, he was represented by counsel C. Jerome D'Aquila on the state law claims.

The Court granted in part and denied in part Boeker's Motion to Dismiss on June 26, 2019. ECF No. 83 at pp. 8-11, 17, 18-26 (dismissing Plaintiff's abuse of process and negligent infliction of emotional distress claims against Mr. Boeker, denying his assertion of qualified immunity, and keeping all other claims Plaintiff alleged against him).

Defendant Boeker did not appeal and filed an answer to all claims against him, both individually under state law and in his official capacity as to the section 1983 and 1985 claims. ECF No. 90 (Boeker answer signed by counsel representing him on both sets of claims).

District Attorney D'Aquilla filed a Motion to Dismiss for, inter alia, lack of standing and immunity issues on July 24, 2018. ECF No. 57. On June 25, 2019, the Court denied the motion in part and granted in part. ECF No. 82. The District Attorney appealed in July 2019. *See* ECF Nos. 84-87, 91, 94, 98, 99-103. A related stay was entered on August 16, 2019. ECF No. 92. Permission to appeal was granted on December 3, 2019, ECF No. 105.  Two years later, on November 1, 2021,

the Fifth Circuit reversed and a previously entered stay was lifted, finally allowing discovery to proceed in this case.

Plaintiff Lefebure approached counsel for dates for depositions of Defendants Boeker and Daniel beginning in March of 2022. Plaintiff was unable to secure any response from Defendant Boeker's individual capacity counsel (C. Jerome D'Aquila). Sheriff Daniel asserted qualified immunity and refused to sit for a deposition but agreed to allow a 30(b)(6) deposition to go forward on July 12, 2022.

On May 20, 2022, Defendant Sheriff Daniel filed a motion for judgment on the pleadings. ECF No. 130.

On July 11, 2022, Plaintiff noticed Defendant Daniel and Boeker's depositions, along with those of additional Sheriff's deputies.

On July 13, 2022, Boeker's individual capacity counsel C. Jerome D'Aquila filed a motion to withdraw as counsel averring "that Barrett Boeker cancelled two recent appointments and several [unsuccessful] attempts had been made since that time to contact him." ECF No. 137. Two days later, on July 15, 2022, the Court granted counsel's request to withdraw. ECF No. 138.

Plaintiff took the depositions of three sheriff's deputies on November 1 and 2, 2022. Defendants took Ms. Lefebure's deposition on November 2, 2022.

On November 28, 2022, Defendant Daniel filed for a motion to stay pending resolution of his motion for judgment on the pleadings and assertion of immunity. ECF No. 148. The stay request was unopposed and granted on December 22, 2022.

On March 31, 2023, this Court granted Defendant Daniel's motion for judgment on the pleadings. ECF No. 156. The Court dismissed Plaintiff's claims against the Sheriff, quoting the Fifth Circuit's dismissal of Plaintiff's claims against the District Attorney because "'victims of a

3

crime do not have a cognizable interest in the *investigation* or prosecution of others,' depriving them of standing to sue." ECF No. 156, *citing Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022) (emphasis in original).

The Court issued an amended scheduling order in this case on April 5, 2023, and lifted the December 2022 stay previously entered pending resolution of the Sheriff's motion. ECF No. 157.The amended scheduling order set trial against Boeker for July 26 through July 28 and set a dispositive motions deadline of May 15, 2023. *Id.*

Plaintiff Lefebure filed a notice of appeal of the Court's granting the Sheriff's motion for judgement on the pleadings on April 21, 2023. ECF No. 159.

At the April 24, 2023 status conference, the Court raised the issue of its jurisdiction to consider the case against Boeker while Plaintiff's appeal is heard. To resolve these issues, the Court issued an Order on May 4, 2023, asking both parties for briefing on the issue of its jurisdiction and the propriety of holding a trial on Plaintiff's claims against Boeker, "while Plaintiff's appeal is pending." ECF No. 162, Order.

On May 15, Defendant Boeker filed a Motion for Summary Judgment on the section 1983 and 1985 claims against him. ECF No. 163. Citing frequently to depositions testimony from Sheriff's deputies and Ms. Lefebure, Mr. Boeker's motion makes no mention of the fact his deposition remains noticed and yet to be taken in this case.

## II.    ARGUMENT

### A.    This Court retains jurisdiction over Plaintiff's claims against Defendant Boeker while she appeals dismissal of her claims against Defendant Daniel.

It is settled law that "jurisdiction divests from the trial court over aspects of the case being appealed when a notice of appeal is filed." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982). "However, where an appeal is allowed from an

4

interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir.1981); see also *id.*

In granting Defendant Daniel's Motion for Judgment on the Pleadings, this Court only dismissed Plaintiff's claims against Defendant Daniel; appeal of that dismissal does not involve er claims against Defendant Barrett Boeker, and this Court may proceed with all aspects of her case against Defendant Boeker. *Id.* As the Fifth Circuit has explained,

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal.

> *Alice L. v. Dusek,* 492 F.3d 563, 564–65 (5th Cir.2007) (per curiam).

"How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Id.* at 565. Here, although some of the claims against Defendant Boeker may be similar in nature to those against Defendant Daniel—*e.g.,* they are both alleged to have violated 42 USC §§1983 and 1985—they are not identical and are based on overlapping *and* individual facts. Nothing involving Ms. Lefebure's claims against Mr. Boeker acting under color of law and in violation of her civil rights during the assaults on the prison grounds is on appeal, and this Court retains jurisdiction over the case against Defendant Boeker. *See, e.g. Guillory v. Beaumont Indep. Sch. Dist.*, No. 9:07-CV-163-TH, 2009 WL 10705652, at *1 (E.D. Tex. May 18, 2009) (though the District Court was divested of jurisdiction over § 1983 claims against one defendant upon the filing of a notice of appeal, it retained discretion to proceed with § 1983 claims against other defendants).

**B.    To avoid prejudice, trial on Plaintiff's claims against Defendant Boeker should be stayed while her appeal is pending.**

Plaintiff is rightly eager to proceed to trial in this case, which she filed more than five years ago. Nevertheless, after reflection on this Court's comments at the April 24th status conference, Plaintiff agrees that a trial moving forward with only Defendant Boeker at bar would run the risk of prejudice to Defendant Daniel, should he be brought back into the case after Plaintiff's appeal. Additionally, judicial economy counsels in favor of postponing trial against Defendant Boeker while Plaintiff's appeal is pending. What is more, any ruling by the Fifth Circuit on Plaintiff's claims against Sheriff Daniel will likely discuss matters relevant to her § 1983 and § 1985 conspiracy claims remaining against Defendant Boeker. *See, e.g. Guillory,* 2009 WL 10705652, *supra.* Thus, proceeding to trial could create a risk of contradictory rulings. *Id.*

**C.    The Court should compel Boeker's deposition before Plaintiff is required to respond to his motion for summary judgment.**

As explained above, this Court retains jurisdiction over Plaintiff's claims regarding Defendant Boeker.  Accordingly, the district court has broad discretion in deciding to implement a stay "in the control of its docket and in the interests of justice." *Hines v. D'Artois,* 531 F.2d 726, 733 (5th Cir. 1976). Without the benefit of Defendant Boeker's deposition, Plaintiff will be severely prejudiced in her ability to adequately respond to and defendant against Defendant Boeker's motion for summary judgment.

Counsel attempted to secure dates from counsel for Boeker beginning in March 2022, only three months after discovery was first allowed to proceed in this case. Unable to secure dates for his deposition from either set of counsel (official capacity 1983 and 1985 claims or individual state law claims), Plaintiff noticed Defendant Boeker's deposition on July 11, 2022. Defendant Boeker's deposition is still needed in this case. Indeed, it is a critical aspect of Plaintiff's right to a "full and fair opportunity to discover information essential to its opposition to summary judgment." *Brown*

*v. Mississippi Valley State Univ.,* 311 F.3d 328, 333 (5th Cir. 2002), quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 720 (5th Cir. 1999).

Counsel for Plaintiff has requested Boeker's deposition on June 15, 16, 19, or 20. Counsel made this request to Boeker's official capacity counsel and directly to Mr. Boeker at the email address he provided to the Court to proceed *pro se*. Should counsel for Plaintiff be unable to secure an agreement for Mr. Boeker's deposition on one of these dates by June 1, 2023, he will seek a motion to compel the deposition from this Court.

As Plaintiff's opposition to Defendant Boeker's motion for summary judgment is currently due on June 5, 2023, Plaintiff intends seek a motion to extend her time to oppose or, if required, a stay of all proceedings against Mr. Boeker, except those related to compelling his deposition.

## III.    CONCLUSION

Plaintiff has long awaited her day in Court. Unfortunately, the strictures of discovery when qualified or other immunity is asserted, combined with the Defendants' seriatim approach to dispositive motions, has meant she must combat each motion at once and await the outcome of the inevitable appeal before she is allowed to proceed against the next Defendants' motion.

Plaintiff now asks this Court to maintain jurisdiction over the aspects of her case against Mr. Boeker that will allow the issues raised in his motion for summary judgment to be properly vetted and ruled on while her appeal of the Sheriff's dismissal makes its likely two-year journey through the Fifth Circuit. This will ensure that she need not wait until the end of those two years to begin the same journey on the section 1983 and 1985 claims against Mr. Boeker.

Respectfully submitted,

Dated: May 26, 2023

*/s/Jessica L. Orgeron*
Jessica L. Orgeron, Bar No. 32623,
Jack G. Rutherford, Bar No. 34968
Rutherford Law PC
900 Camp St.
New Orleans, Louisiana 70130
(415) 794-5639
jgr@rfordlaw.com
jess@rfordlaw.com
Counsel for Plaintiff Priscilla Lefebure

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on this 26th day of May, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to all counsel registered for electronic service.

*/s/ Jessica L. Orgeron*
