UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:17-CV-01791-BAJ-EWD** |
| **BARRETT BOEKER, ET AL.** | |

**BRIEF IN COMPLIANCE WITH COURT ORDER**
**[RECORD DOCUMENT NO. 162]**

**MAY IT PLEASE THE COURT:**

Defendant, Barrett Boeker [in connection with the § 1983 and § 1985 civil conspiracy claims], respectfully submits the following memorandum and hereby addresses the issues identified in this Honorable Court's briefing order, record document number 162.

**PROCEDURAL HISTORY & BRIEFING ORDER SUMMARY**

Priscilla Lefebure initiated this civil rights action under 42 U.S.C. § 1983 on December 21, 2017.[1] Lefebure's operative Amended Complaint brought claims against former West Feliciana Parish Sheriff J. Austin Daniel ["Sheriff Daniel"], 20th Judicial District Attorney Sam D'Aquilla ["DA D'Aquilla"], and Barrett Boeker ["Boeker"].[2]

Lefebure alleged that Sheriff Daniel and DA D'Aquilla violated her Fourteenth Amendment right to due process and equal protection under the law when they failed to investigate and prosecute Boeker for his crimes.[3] Lefebure alleged that Boeker conspired with DA D'Aquilla and Sheriff Daniel to violate her Fourteenth Amendment right to due process and equal protection

---

[1] Rec.doc.no. 1.

[2] Rec.doc.no. 37, ¶¶ 40-42. Plaintiff also named West Feliciana Parish, Princeton Excess and Surplus Lines, Doe Insurance Companies, and unidentified Doe individuals as defendants; however, these defendants have not been identified, served, dismissed, and/or have not made an appearance in this litigation.

[3] *Id*. at ¶¶ 5-32, 88-116.

1

under law.[4]

Lefebure identified the following claims against Defendants in her operative Complaint:

1) § 1983 Fourteenth Amendment Equal Protection[5]
   [Sheriff Daniel and DA D'Aquilla]

2) § 1983 Fourteenth Amendment Substantive Due Process.[6]
   [Sheriff Daniel and DA D'Aquilla]

3) § 1983 and § 1985 Civil Conspiracy to Violate Civil Rights.[7]
   [All Defendants]

4) § 1983 Abuse of Process[8]
   [All Defendants]

5) State law Intentional Infliction Emotional Distress, Negligent Infliction of Emotional Distress, Assault, Battery, False Imprisonment, Rape, and Sexual Battery.[9]
   [Boeker]

6) State Law Direct Action Statute[10]

Only the federal conspiracy claims and supplemental state law claims against Boeker[11] remain.[12] All § 1983 Fourteenth Amendment equal protection claims, Fourteenth Amendment due process claims, and § 1983 and § 1985 conspiracy claims against DA D'Aquilla and Sheriff Daniel have been dismissed.[13]

---

[4] *Id*. at ¶¶ 80-84, 117-126.

[5] *Id*. at ¶¶ 88-103. [Lefebure also brought an equal protection claim against Sheriff Daniel and the DA under the Louisiana Constitution Art. I, § 3 – Right to Individual Dignity].

[6] *Id*. at ¶¶ 104-116. [Lefebure also brought a due process claim against Sheriff Daniel and the DA under the Louisiana Constitution Art. I, § 2 – Due Process].

[7] *Id*. at ¶¶ 117-126.

[8] *Id*. at ¶¶ 127-132.

[9] *Id*. at ¶¶ 133-136.

[10] *Id*. at ¶¶ 137-142.

[11] Mr. Boeker currently represents himself in connection with the state law tort claim.

[12] See, Rec.doc.no. 157.

[13] See, Rec.doc.no. 114 [Fifth Circuit mandate to dismiss all claims against DA D'Aquilla]; Rec.doc.no. 115 [Order dismissing claims against DA D'Aquilla with prejudice]; Rec.doc.no. 156 [12(c) Ruling dismissing all claims against Sheriff Daniel with prejudice].

On June 25, 2019, the Court denied DA D'Aquilla's motion to dismiss, but certified its order for interlocutory appeal on motion of DA D'Aquilla[14] citing the Court's denial of qualified and prosecutorial immunity as grounds for certification under 28 U.S.C. § 1292(b).[15] DA D'Aquilla filed a notice of appeal after he moved the Court for §1292(b) certification.[16] The Fifth Circuit ultimately reversed and mandated that Lefebure's claims against DA D'Aquilla be dismissed for lack of subject matter jurisdiction.[17]

On June 26, 2019, the Court granted Boeker's Rule 12(b)(6) motion to dismiss in part and dismissed the § 1983 abuse of process claim against him.[18]

On May 20, 2022, Sheriff Daniel filed a Rule 12(c) motion for judgment on the pleadings wherein he sought dismissal of all claims against him on the grounds that Lefebure lacked standing to bring this action.[19] On March 31, 2023, the Court granted Sheriff Daniel's motion and dismissed the claims against Sheriff Daniel with prejudice for lack of subject matter jurisdiction.[20]

On April 5, 2023, the Court issued an Amended Scheduling Order.[21] The Court lifted a stay that it issued in connection with Sheriff Daniel's pending Rule 12(c) motion. The Court set a dispositive motion deadline for May 15, 2023. The Court set a jury trial for July 26-28, 2023. The Court also set a status conference for April 24, 2023.

On April 21, 2023, Lefebure filed a notice of appeal indicating her intent to seek review of

---

[14] See, Rec.doc.no. 89

[15] See, Rec.doc.no. 103.

[16] Rec.doc.no. 99.

[17] See, Rec.doc.no. 114 [Fifth Circuit mandate to dismiss all claims against DA D'Aquilla]; Rec.doc.no. 115 [Order dismissing claims against DA D'Aquilla with prejudice].

[18] See, Rec.doc.no. 83, p. 18 [12(b)(6) Ruling dismissing § 1983 Abuse of Process claim against Boeker].

[19] Rec.doc.no. 130.

[20] Rec.doc.no. 156.

[21] Rec.doc.no. 157.

the interlocutory ruling that dismissed the claims against Sheriff Daniel.[22] On April 24, 2023, Lefebure and Boeker appeared for an in-person status conference that the Court conducted on the record.[23] The Court and the parties discussed deadlines, case status, and the Court's jurisdiction over Lefebure's remaining claims against Boeker in light of Lefebure's pending appeal.[24]

On May 5, 2023, the Court ordered the Parties to this litigation to submit briefs limited to fifteen (15) pages on the following legal issues on or before May 26, 2023:[25]

1) Whether the Court should hold a trial on Plaintiff's remaining claims against Defendant Barrett Boeker while Plaintiff's appeal is pending;

2) Whether the Court retains jurisdiction over Plaintiff's remaining claims against Defendant Boeker while Plaintiff's appeal is pending; and

3) Any other issues.

On May 15, 2023, Boeker [in connection with the § 1983 and § 1985 civil conspiracy claims] moved for the dismissal of all remaining § 1983 and § 1985 civil conspiracy claims with prejudice via Rule 56 motion for summary judgment.[26] Boeker moved this Court to give his motion expedited consideration in light of the pending appeal, pre-trial deadlines, and the July 2023 trial date.[27] Boeker's motions are pending before this Court.

## LEGAL MEMORANDUM AND POSITION

Boeker [in connection with the §§ 1983 and 1985 conspiracy claims] respectfully avers that Lefebure's appeal is premature. As such, this Court can and should retain jurisdiction over the remaining §§ 1983 and 1985 claims against Boeker while Lefebure's premature appeal is pending,

---

[22] Rec.doc.no. 159.
[23] Rec.doc.no. 160.
[24] *Id*.
[25] Rec.doc.no. 162.
[26] Rec.doc.no. 163.
[27] Rec.doc.no. 164.

4

and the Court should rule on Boeker's pending motion for summary judgment.

Boeker also submits that the federal conspiracy claims against Boeker are not appropriate for trial by jury. Alternatively, Boeker should not be required to stand trial on the federal conspiracy claims while the Fourteenth Amendment claims and conspiracy claims against Sheriff Daniel, one of Boeker's alleged co-conspirators, are on appeal.

JURISDICTION WHILE PLAINTIFF'S APPEAL IS PENDING:

Lefebure's appeal is premature. As such, this Court can and should retain jurisdiction over the remaining §§ 1983 and 1985 claims against Boeker while Lefebure's premature appeal is pending, and the Court should rule on Boeker's pending motion for summary judgment. The Fifth Circuit can elect to exercise jurisdiction over Lefebure's premature appeal if this Court enters a final judgment and disposes of all remaining claims against Boeker before the Fifth Circuit considers the appeal on the merits.[28]

Lefebure's appeal is premature. The Fifth Circuit has jurisdiction over appeals from final decisions of the district courts.[29] Where an action involves multiple parties or claims, an order dismissing some of the claims or defendants is final for appellate purposes only if the district court has made an express determination that there is no just reason for delay and an express direction for the entry of judgment under Fed. R. Civ. P. 54(b) or certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Here, the Court dismissed all claims against Sheriff Daniel, but the federal § 1983 and 1985 conspiracy claims and the supplemental state tort law claims against Boeker remain. The Court

---

[28] *Thomas v. Pohlmann*, 681 F. App'x. 401, 405 (5th Cir. 2017) (per curiam) (citing, *Sampson v. GATX Corp.*, 547 F. App'x 369, 374 (5th Cir. 2013) (per curiam); *Rivera v. Salazar*, 166 F. App'x 704, 705-06 (5th Cir. 2005) (per curiam); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 539 n.1 (5th Cir. 2005); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 634 n.2 (5th Cir. 2002)).

[29] 28 U.S.C. § 1291.

did not enter the certification required by either Rule 54(b) or § 1292(b). To the contrary, the Court issued a scheduling order, established deadlines, and set the remaining claims against Boeker for trial. Lefebure did not move for § 12392(b) certification prior to filing the notice of appeal, and she did not move to extend the deadline to file a notice of appeal. Thus, Lefebure filed the notice of appeal prematurely, and the Fifth Circuit lacks jurisdiction over the appeal.[30]

Addressing this Court's jurisdiction, the jurisprudence suggests that this Court can continue to address the remaining claims against Boeker while Lefebure's premature appeal is pending.[31] If the Fifth Circuit does not dismiss Lefebure's premature appeal in the interim, the Fifth Circuit can elect to exercise jurisdiction over Lefebure's premature appeal of the Sheriff Daniel Ruling once this Court enters final judgment.

In *Thomas v. Pohlmann*, a plaintiff filed a premature appeal of a summary judgment order that was not final because the order neither disposed of all of the plaintiff's claims; nor was the order certified as a final judgment under Rule 54(b) or § 1292(b).[32] In resolving a jurisdictional issue, the Fifth Circuit recognized that a district court is allowed to address the remaining claims during the pendency of a premature appeal.[33] Applying this rule, the *Thomas* Court ultimately exercised jurisdiction over the plaintiff's premature appeal after the district court resumed proceedings in conjunction with claims against the remaining defendants after the premature notice of appeal was filed, disposed of all remaining claims, and entered final judgment.[34]

Considering the posture of this case, this Court can and should retain jurisdiction, address

---

[30] *Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985).

[31] *Thomas*, 681 F. App'x at 404-405.

[32] *Id*. at p. 405.

[33] *Id*. at 405 (citing, *Young* 294 F.3d at 634-34).

[34] *Id*.; see also, *Young* 294 F.3d at 634-34 (exercising jurisdiction over a premature appeal after the district court continued with proceedings against the remaining defendants, granted summary judgment in favor of the remaining defendants, and entered final judgment).

6

the §§ 1983 and 1985 conspiracy claims against Boeker, and consider Boeker's pending motion for summary judgment while Lefebure's premature appeal is pending.

Lefebure's premature appeal remains pending at the Fifth Circuit as of the date of the filing of this brief. The Fifth Circuit will likely examine the basis of its jurisdiction over Lefebure's appeal.[35] The Fifth Circuit should screen and dismiss Lefebure's appeal on its own volition as it customarily does. In any event, the *Thomas* holding allows this Court to continue to address the remaining claims against Boeker in the interim while Lefebure's premature appeal is pending. The Fifth Circuit's holding in *Young* allows this Court to consider, and rule upon, Boeker's pending motion for summary judgment while Lefebure's premature appeal is pending.[36] By extension, the rule also allows the Court to address the supplemental state law claims against Boeker.

Lefebure will not be prejudiced if the Court elects to address the federal conspiracy claims against Boeker while the premature appeal is pending. The § 1983 and § 1985 conspiracy claims against Boeker are the only remaining claims in this litigation for which the Court has original jurisdiction. Lefebure's counsel declared his client's desire for the Court to retain jurisdiction over the claims against Boeker in open court during the April 2023 status conference. Moreover, Lefebure will not lose her right to appeal the Sheriff Daniel order if the Court retains jurisdiction and addresses the federal conspiracy claims against Boeker. The Fifth Circuit can exercise jurisdiction over Lefebure's premature appeal if this Court enters final judgment in connection with the conspiracy claims before the Fifth Circuit hears Lefebure's appeal. Lefebure also indisputably maintains the right to file a second notice of appeal in connection with the Sheriff Daniel ruling and order (or any additional ruling and order issued with respect to Boeker) under §

---

[35] *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000) (The Fifth Circuit is required to examine the basis of its jurisdiction; on its own motion if necessary).

[36] *Thomas*, 681 F. App'x at 405 (citing, *Young* 294 F.3d at 634-34).

7

1291 after this Court enters final judgment.[37]

## THE COURT SHOULD NOT HOLD A TRIAL ON THE REMAINING §§ 1983 AND 1985 CONSPIRACY CLAIMS AGAINST BOEKER WHILE PLAINTIFF'S APPEAL IS PENDING.

The federal conspiracy claims against Boeker are not appropriate for trial by jury. Alternatively, Boeker should not be required to stand trial on the federal conspiracy claims while the Fourteenth Amendment claims and conspiracy claims against Sheriff Daniel, one of Boeker's alleged co-conspirators, is on appeal.

The federal conspiracy claims against Boeker are not appropriate for trial by jury. Boeker has timely moved for the dismissal of all § 1983 and § 1985 against him on motion for summary judgment.[38] Boeker's motion seeks dismissal of all remaining claims for which this Court has original jurisdiction. There is no dispute that all claims against Boeker's alleged co-conspirators have been dismissed. There is no dispute that all of the underlying constitutional claims upon which the § 1983 and § 1985 conspiracy claims are based have been dismissed.[39] It is also well-settled that there can be no § 1983 or § 1985 conspiracy without an underlying constitutional violation.[40]

Alternatively, assuming for the purposes of this brief that a trial will ultimately be necessary, Boeker respectfully submits that the interests of judicial efficiency and economy are

---

[37] *Id*. at 404-405 (recognizing a plaintiff's ability to file a second notice of appeal when the first notice of appeal was filed prematurely).

[38] See, Rec.doc.no. 163.

[39] See, Rec.doc.no. 114 [Fifth Circuit mandate to dismiss all claims against DA D'Aquilla]; Rec.doc.no. 115 [Order dismissing claims against DA D'Aquilla with prejudice]; Rec.doc.no. 156 [12(c) Ruling dismissing all claims against Sheriff Daniel with prejudice].

[40] *Aguocha-Ohakweh v. Harris Cty. Hosp. Dist.*, 731 Fed. App'x 312, 315 (5th Cir. 2018) (quoting, *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (§ 1983 conspiracy claim not actionable without an underlying constitutional violation); see also, *Jackson v. Pierre*, 810 Fed.Appx. 276, 280 (5th Cir. 2020) (citing, *Pastorek v. Trail*, 2001 WL 85921, *6 (5th Cir. Jan. 26, 2001) (per curiam)) (§ 1985 conspiracy claim not actionable without an underlying constitutional violation.).

8

best served if the trial is conducted after final disposition of all claims over which this Court has original jurisdiction. Boeker should not be required to stand trial on the federal conspiracy claims while the Fourteenth Amendment claims and conspiracy claims against Sheriff Daniel, one of Boeker's alleged co-conspirators, is on appeal. The § 1983 Fourteenth Amendment claims against Sheriff Daniel and the §§ 1983 and 1985 claims against Sheriff Daniel and Boeker are inextricably linked.

As discussed, Lefebure has notified the Court of its intent to appeal the ruling that dismissed all § 1983 constitutional claims and federal conspiracy claims against Sheriff Daniel. Lefebure has attempted to do so prematurely; however, Lefebure may file a second notice of appeal once final judgment is entered with respect to the remaining claims against Boeker.[41]

Boeker's pending motion for summary judgment seeks dismissal of all remaining § 1983 and § 1985 conspiracy claims. If the Court grants the motion, it can dismiss the §§ 1983 and 1985 claims against Boeker with prejudice, decline to exercise supplemental jurisdiction over the supplemental state law claims Boker and dismiss those claims without prejudice,[42] then enter a final appealable judgment. Lefebure can then notice a procedurally appropriate appeal of the Sheriff Daniel order. Lefebure would also be able to appeal the Boeker dismissal if she so desires. In such circumstances, all remaining claims over which this Court has original jurisdiction could be appealed together. Should the Fifth Circuit reverse as to the claims Sheriff Daniel, Boeker, or both, the Court can then conduct a trial in connection with any remaining § 1983 or § 1985 claims and the supplemental state law claims. Should the Fifth Circuit affirm, Lefebure can seek redress

---

[41] See, 28 U.S.C. § 1291.

[42] *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam) (internal citations omitted) (the Fifth Circuit has "elucidated the general rule that 'a court should decline to exercise jurisdiction over remaining state law claims when all federal-law claims are eliminated before trial.'").

of the remaining state law claims against Boeker in the appropriate state court.

This approach also satisfies the interests of judicial efficiency and comity should the Court deny Boeker's summary judgment on the federal conspiracy claims. If such were to happen, Boeker could seek §1292(b) certification of the order and appeal, and Lefebure could potentially see the current Sheriff Daniel appeal to its conclusion. If the Fifth Circuit determines that viable § 1983 and/or § 1985 claims remain, the remaining federal claims against Sheriff Daniel and/or Boeker can then be tried with the supplemental state law claims.

Respectfully Submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: _/s/ L.J.L._

LEE J. LEDET (#33237)
Special Assistant Attorney General

LEDET LAW GROUP, LLC
4783 Johnson Street
Post Office Drawer 610
St. Francisville, Louisiana 70775
Telephone: (225) 635-3291
Fax: (225) 635-3292
lee@ledetlawgroup.com
*Attorney for Barrett Boeker [in connection with the §§ 1983 and 1985 conspiracy claims]*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing *Brief in Compliance with Court Order* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the of the court's electronic filing system.

    St. Francisville, Louisiana, this 26th day of May 2023

_____
Lee J. Ledet (33237)
Special Assistant Attorney General
*Attorney for Barrett Boeker*
*[in connection with the §§ 1983 and 1985 conspiracy claims]*
