# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

July 03, 2023

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

    No. 23-30260   Lefebure v. Daniel
                           USDC No. 3:17-CV-1791

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Allison G. Lopez, Deputy Clerk
                          504-310-7702

cc:  Mr. Blake Joseph Arcuri
     Ms. Jessica L. Orgeron

# United States Court of Appeals
## for the Fifth Circuit

_____

No. 23-30260
_____

United States Court of Appeals
Fifth Circuit
**FILED**
June 9, 2023
Lyle W. Cayce
Clerk

Priscilla Lefebure, *an individual*,

          *Plaintiff—Appellant*,

versus

J. Austin Daniel, *Sheriff, West Feliciana Parish*,

          *Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-1791

_____

UNPUBLISHED ORDER

Before Clement, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:

    This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this civil rights case, on March 31, 2023, the district court dismissed all claims against defendant, Sheriff Daniel. Plaintiff filed a notice of appeal from that order.

    We have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. Where an action involves multiple parties or



Certified as a true copy and issued as the mandate on Jul 03, 2023
Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit

claims, as in this case, an order dismissing some of the claims or defendants is final for appellate purposes only if the district court has made an express determination that there is no just reason for delay and an express direction for the entry of judgment, *see* FED. R. CIV. P. 54(b), or certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b). Here, the district court dismissed one defendant but left the claims against the remaining defendants pending. It did not enter the certification required by either Rule 54(b) or § 1292(b). Thus, the notice of appeal filed before all claims and all parties were disposed of is premature. We are without jurisdiction over this appeal and it must be dismissed. *See Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985).

Accordingly, the appeal is DISMISSED for want of jurisdiction.