UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESCILLA LEFEBURE<br><br>VERSUS<br><br>BARRETT BOEKER, ET AL | CIVIL ACTION NO. 17-1791-SDD-EWD |

**DEFENDANT, BARRETT BOEKER'S REPLY MEMORANDUM TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Barrett L. Boeker, who respectfully submits his reply memorandum in response to the Plaintiff's Opposition to Defendant Boeker's Motion to Dismiss.

The Defendant's original Motion requested that the Court Dismiss the Plaintiff's federal claims based on a Rule 12(b)(1) motion, challenging the existence of subject matter jurisdiction and, alternatively, a Rule 12(b)(6) motion, asserting that the Plaintiff failed to state a claim for relief that is plausible on its face. (R.Doc. 219) Both of these motions are based on the fact that the Plaintiff failed to establish facts that prove that Barrett Boeker's actions were undertaken under the color of state law, as required by §1983 claims and the Court's predicate jurisdictional statutes, 28 U.S.C. §§ 1331 and 1343.

The Plaintiff's opposition seemingly ignored the 12(b)(1) factual attack. The Plaintiff attached no supporting evidence and made no effort to prove or establish that the conduct of Barrett Boeker occurred under the color of state law, which is required to maintain her claims

1

pursuant to 42 U.S.C. §§ 1983, 1988, 12131, 12005 and the Fourteenth Amendment to the United States Constitution.

This Court, in *Kling v. Hebert*, 60 F.4th 281 (5th Cir. 2023) recently held that a defendant may attack the factual basis for the applicability of *Ex parte Young* through a Rule 12(b)(1) motion, which permits factual challenges to a federal court's jurisdiction. *See also Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001). Unlike a Rule 12(b)(6) motion which is confined to evaluating the pleadings, a 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Savings & Loan Assoc.*, 549 F.2d 884, 891 (3rd Cir. 1977). When a defendant makes a factual attack, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

In *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260 (5th Cir. 2020), this Court also held that if a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials, as the Defendant did in his original Motion to Dismiss. In the latter case a plaintiff is also required to submit facts through some evidentiary method in order to survive a 12(b)(1) motion and meet their burden of proving that the trial court does have subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Moreover, "when a factual attack is made upon

2

federal jurisdiction, no presumptive truthfulness attaches to the [plaintiff's] jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Evans v. Tubbe, 657 F.2d 661, 663 (5th Cir. 1981).

Instead, the Plaintiff seemed to only address the 12(b)(6) motion, and simply restated several lines of her Second Amended Complaint, which make conclusory allegations that the Defendant acted under the color of state law.  After years of litigation, the Plaintiff attaches no evidence or proof of the same in order to establish subject matter jurisdiction.

Further, the Plaintiff makes a significant effort to compare the case *sub judice* to the facts of the case in *U.S. v. Tarpley*, 945 F.2d 806 (5th Cir. 1991), which states that "acts of officers in the ambit of their personal pursuits are plainly excluded." The facts in these two cases could not be more dissimilar.  In *Tarpley*, William Tarpley, a deputy Sheriff, devised a plan to lure a man who had a prior affair with Tarpley's wife to his home, for the purpose of attacking and threatening him.  Just before the incident, at their place of employment, the sheriff's office, Tarpley and another deputy made a pair of gloves to be used as a weapon in the attack.  When the man arrived at his home, Tarpley physically attacked him, inserted his service pistol into the man's mouth, and repeatedly told him that he was a sergeant at the police department, and that he could kill him and get away with it, because he was a cop.  Tarpley then contacted the sheriff's department and had the deputy who helped him make the weapon come into their home to help with the attack. After chasing the victim out of the house, with repeated threats to kill him, Tarpley and the other deputy chased this man in their squad car out of town.  They also radioed for another office to meet up with them, and that police car also followed the victim to the edge of town.  Unsurprisingly, Tarpley was found to have acted "under the color of state

law," and the Court found that his defense of acting simply as a jealous husband had no merit. This is hardly a similar scenario to the facts alleged in Ms. Lefebure's case.

The Supreme Court has repeatedly held that a person's home is their most private physical space. *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). The fact is, Barrett Boeker was in his own home, drinking alcohol provided by Ms. Lefebure when he and the Plaintiff engaged in consensual sex. There is simply no evidence in the record to suggest that the personal pursuits of Boeker, and the sexual activity that occurred with Ms. Lefebure in his home were committed or furthered under the actual or purported official duty of the Warden's office. It is seemingly her own subjective belief that he was acting under the color of state law when the sexual activity occurred. Yet, she presents no factual evidence to prove the same. Simply put, this Court does not have subject-matter jurisdiction over these claims because it lacks the jurisdiction to adjudicate the claims of private sexual acts between two private citizens of the State of Louisiana in one of their private residences.

Considering the jurisprudence, the alleged sexual misconduct was not committed under the color of state law, and the Plaintiff has presented no evidence to this Court to overcome the 12(b)(1) Motion to Dismiss. In the event the federal claims are dismissed, the state law claims should be dismissed as well.

Regarding the Fourteenth Amendment right to bodily integrity as plead in the Plaintiff's second Amended Complaint (R.Doc.212)—if the Court indeed finds that the Ms. Lefebure's has not presented any factual evidence or proof that Barrett Boeker was acting under the color of state law, all the 42 U.S.C. § 1983 claims fail for lack of subject matter jurisdiction. The Fourteenth Amendment right to bodily integrity claim also requires proof that the Defendant was acting under the color of state law, and the Plaintiff presents none.

In light of the jurisprudence and the evidence in this case, the alleged sexual misconduct was not committed under color of state law, and the Plaintiff has presented no evidence to this Court to overcome the 12(b)(1) and 12(b)(6) Motions to Dismiss. In the event the federal claims are dismissed, the state law claims should be dismissed as well.

Wherefore, Defendant, Barrett Boeker, prays for a dismissal of Plaintiff's claims, with prejudice and at her costs, and all other equitable relief as he may be entitled.

Respectfully Submitted,

**SMITH LAW FIRM**

| | |
|---|---|
| */s/ Mike Jefferson* | */s/ J. Arthur Smith, III* |
| MICHAEL J. JEFFERSON | J. Arthur Smith, III |
| ATTORNEY AT LAW | La. Bar Roll No. 07730 |
| La. Bar Roll No. 22430 | 830 North Street |
| P.O. Box 1906 | Baton Rouge, La 70802 |
| Baton Rouge, LA 70821-1906 | Telephone (225) 383-7716 |
| mjefferson@mjjefferson.com | Facsimile (225) 383-7773 |
| | jasmith@jarthursmith.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January 2024, a copy of the foregoing was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

*/s/ J. Arthur Smith, III*
J. Arthur Smith, III