UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRISCILLA LEFEBURE                                    CIVIL ACTION NO.: 3:17-cv-1791

VERSUS                                                      JUDGE BRIAN A. JACKSON

BARRETT BOEKER, et al.                            MAG. JUDGE ERIN WILDER-DOOMES


## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)

**MAY IT PLEASE THE COURT:**

Defendant, Princeton Excess and Surplus Lines Insurance Company ("Princeton"), as the alleged excess insurance carrier for former defendant Sheriff J. Austin Daniel, moves for dismissal of Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and in reliance upon this Court's *Ruling and Order* of March 31, 2023, whereby former defendant Sheriff J. Austin Daniel's Motion for Judgment on the Pleadings was granted for want of subject matter jurisdiction.[1]

### I.  FACTS

The Plaintiff herein, Priscilla Lefebure, alleges that she was repeatedly raped and sexually assaulted in early December of 2016 by Defendant Barrett Boeker, then an assistant warden at the Louisiana State Penitentiary at Angola, and the husband of Ms. Lefebure's cousin.[2]  The series of sexual assaults are alleged to have occurred in Boeker's residence on the prison grounds.[3]  The *Second Amended Complaint* indicates that Mr. Boeker admitted to having sexual encounters with

---

[1] R. Doc. 156.
[2] *See Plaintiff's Second Amended Complaint*, R. Doc. 212, ¶¶ 1-2, 51-69.
[3] *Id.*, ¶ 50 & 52.

Ms. Lefebure, but told investigators that the sex was consensual and at times rough.[4]

Ms. Lefebure's *Second Amended Complaint* acknowledges that on December 20, 2016, Mr. Boeker was arrested by deputies with the West Feliciana Parish Sheriff's Office based on their investigation of her allegations of rape.[5] She further acknowledges that District Attorney Samuel D. D'Aquilla presented the matter to a grand jury, which did not indict Mr. Boeker.[6] Ms. Lefebure alleges that Mr. Boeker received preferential treatment by the Sheriff's Office and the District Attorney's Office in that Mr. Boeker was not indicted or prosecuted for the alleged rapes and complains that "rape kit" evidence collected at a hospital was not immediately picked up or tested by the authorities.[7] The Complaint also indicates, however, the District Attorney stated that the rape kit evidence would carry no probative weight in a criminal proceeding because the defendant admitted to having rough sex with the complaining witness.[8] Plaintiff has not alleged any wrongdoing on the part of Princeton and has only named it due to its alleged status as Sheriff J. Austin Daniel's insurance carrier.[9] The time for amending the pleadings has long passed.

On May 20, 2022, former defendant Sheriff J. Austin Daniel ("Daniel") filed his Motion for Judgment on the Pleadings, in which he argued, *inter alia*, that Plaintiff lacks a constitutionally protected interest in the investigation of her criminal complaint and the prosecution of Barrett Boeker.[10] Plaintiff opposed that motion.[11] On March 31, 2023, this Court granted Daniel's Motion for Judgment on the pleadings and, in doing so, agreed that the Constitution does not afford Plaintiff a right to have Barrett Boeker investigated by Daniel—which he was—or successfully

---

[4] *Id.*, ¶ 21.
[5] *Id.*, ¶ 5.
[6] *Id.*, ¶ 16. Mr. D'Aquila is no longer a party to this action.
[7] *Id.*, ¶¶ 6, 9, 28-29
[8] *Id.*, ¶¶ 20 & 21.
[9] *Id.*, ¶¶ 43, 131-135.
[10] R. Doc. 130-1 at p. 6.
[11] R. Doc. 135.

prosecuted.[12]  Stated more succinctly, Plaintiff lacked standing to bring her action against Daniel.[13]

Consequently, this Court determined it lacked subject matter jurisdiction over Daniel and, as such,

"the court must dismiss the action."[14]

In the interest of candor, Princeton should have been included as a party to Daniel's Motion

for Judgment on the Pleadings.  However, due to what can only be described as an oversight,

Princeton was omitted as a party from that motion.  Considering Princeton was named as a

defendant solely due to its status as Daniel's excess insurance carrier and because Daniel was

dismissed from this action due to Plaintiff's lack of standing, Princeton respectfully requests that

it also be dismissed from this action for lack of subject matter jurisdiction over it.

## II.  LAW AND ANALYSIS

Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction

when the court lacks the constitutional or statutory power to adjudicate the claim.  *See In re FEMA*

*Trailer Formaldehyde Prod. Litig. (Mississippi Plaintiffs)*, 668 F.3d  281, 286 (5th Cir. 2012)

(quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The

issue of subject matter jurisdiction may be raised by the parties, or by the court *sua sponte*, at any

time during the proceedings.  *MCG, Inc.*, 896 F.2d at 173 (cleaned up).  If the Court determines it

lacks subject-matter jurisdiction at any time during the proceedings, the court must dismiss the

action.  *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021) (cleaned up).  Crucially, subject

matter jurisdiction cannot be waived.  *Id.*

Again, there are no allegations of wrongdoing lodged against Princeton by Plaintiff.

Princeton has been named solely as the insurer of former defendant Daniel, who was dismissed by

---

[12] R. Doc. 156 at p. 2.
[13] *Id*. at p. 2-3.
[14] *Id.* at p. 2 (citing Fed. R. Civ. Proc. 12(h)(3); *MCG, Inc. v. Great W. Energy Corp*., 896 F.2d 170, 173 (5th Cir. 1990).

this Court for want of subject matter jurisdiction given Plaintiff's lack of standing to bring her claims against him.  At bottom, to have Article III standing, a plaintiff must allege it has been injured, that the defendant caused the injury, and that the requested relief will redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  That requirement has not been satisfied here.  Ordering Princeton to remain a party to this action would, by proxy, indicate subject matter jurisdiction over Daniel, which has been foreclosed by this Court. As such, Princeton must be dismissed as a party to this action.

### III.  CONCLUSION

For the reasons stated above, which are primarily based upon this Court's *Ruling and Order* of March 31, 2023, Princeton respectfully submits it should be dismissed as a party to this action.

Respectfully submitted,

FROSCH, RODRIGUE, ARCURI LLC

 s/ *Jason P. Wixom*_____
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANT
Email: barcuri@fralawfirm.com
        lrodrigue@fralawfirm.com
        jwixom@fralawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of January, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

s/ *Jason P. Wixom*
JASON P. WIXOM