UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRISCILLA LEFEBURE                                          CIVIL ACTION

VERSUS

BARRETT BOEKER, ET AL.                          NO. 17-01791-BAJ-EWD

RULING AND ORDER

This is a civil rights action. As previously noted by this Court and the U.S. Court of Appeals for the Fifth Circuit, Plaintiff's allegations are horrifying: She claims that Defendant Barrett Boeker—an Assistant Warden at the Louisiana State Penitentiary—raped and sexually assaulted her multiple times in December 2016. On December 21, 2017, Plaintiff initiated this action, claiming violations of her Fourteenth Amendment rights to equal protection of the law and substantive due process, civil conspiracy to violate her rights under 42 U.S.C. §§ 1983 and 1985, and various violations of state law. (*See* Doc. 37 at pp. 16–24). Plaintiff's claims against Defendants District Attorney Samuel D'Aquilla and Sheriff J. Austin Daniel were dismissed after the Fifth Circuit held that Plaintiff did not have standing to sue state officials for failing to investigate and prosecute Boeker following the alleged rapes. (*See* Docs. 115, 156). On October 18, 2023, with leave of the Court, Plaintiff filed a Second Amended Complaint (Doc. 212, *hereinafter* SAC) adding a § 1983 bodily injury claim against Boeker. Now before the Court are Boeker's **Motion to Dismiss (Doc. 219)** the § 1983 bodily integrity claim and **Rule 12(C) Motion for Judgment on the Pleadings (Doc. 220)** regarding the § 1983 and § 1985 civil conspiracy claims.

action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

"To state a cause of action under section 1983 the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *Tyson v. Sabine*, 42 F.4th 508, 521 (5th Cir. 2022) (quotations omitted). "Whether an officer is acting under color of state law does not depend on his on- or off-duty status at the time of the alleged violation." *Bustos*, 599 F.3d at 464. Additionally, officials who act for purely personal reasons do not "necessarily fail to act 'under color of law.'" *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991) (quoting *Brown v. Miller*, 631 F.2d 408, 411 (5th Cir. 1980)). It is only "[i]f an officer pursues personal objectives *without* using his official power as a means to achieve his private aim[] [that] he has not acted under color of state law." *Bustos*, 599 F.3d at 465 (emphasis added).

Here, Plaintiff has successfully alleged that Boeker was acting under the color of law when he raped her. The Court concluded as much when it held that Plaintiff "pleaded facts establishing a viable Fourteenth Amendment bodily integrity claim" in her First Amended Complaint even though the claim was not explicitly stated. (Doc. 209 at 3 (citing Doc. 37, First Amended Complaint, ¶¶ 1, 51–53, 56–58, 61–66, 68, 72, 74, 79, 80)). The same facts were realleged in Plaintiff's Second Amended

3

Complaint. In relevant part, Plaintiff alleges that Boeker, an Assistant Warden at the Louisiana State Penitentiary, violently raped her "multiple times at his home on prison grounds. (SAC ¶ 1). During the rapes, Boeker "wore his Louisiana State Penitentiary uniform jacket, with the State Department of Corrections symbol." (*Id.* ¶ 142). During the first rape, Boeker told Plaintiff that "[n]o one [could] help" her. (*Id.* ¶ 57).

Boeker argues that his actions constituted a "personal pursuit" with no connection to his role as Assistant Warden, emphasizing that "nothing could be more private than sexual activity in [one's] own home." (Doc. 219-1 at 5). To the contrary, Plaintiff's allegations plausibly establish that Boeker used his official power to commit the sexual assault. He allegedly raped her at his home on prison grounds and wore his uniform jacket while doing so. These details are more than sufficient to conclude that Boeker used his official power to achieve his private aims. *See Tyson*, 42 F.4th at 523 (finding sheriff's deputy violated plaintiff's bodily integrity and acted under color of law when he allegedly sexually assaulted plaintiff in her home while wearing a "shirt identifying himself as a sheriff"). Additionally, Boeker's statements during the first rape that "[n]o one [could] help [Plaintiff]," (SAC ¶ 57), could plausibly be understood, given the context, as implying that his status at the prison would prevent others from helping her. *Cf. Tyson*, 42 F.4th at 522 ("[Plaintiff's] 'subjective belief' that [defendant] was acting under color of law was born directly from his conduct leading her to think as much.").

For these reasons, accepting all well-pleaded facts as true and viewing those

4

facts in the light most favorable to the Plaintiff, she has adequately alleged that Boeker acted under of color of law when he allegedly raped her. *Bustos*, 599 F.3d at 461. Boeker's Motion to Dismiss (Doc. 219) this claim will accordingly be denied.

### B. Plaintiff's § 1983 and § 1985 Civil Conspiracy Claims

Originally, Plaintiff alleged that Defendants Daniel and D'Aquilla violated her Fourteenth Amendment right to due process and equal protection under the law when they failed to investigate and prosecute Boeker for his crimes. (*See* Doc. 37). Lefebure also alleged, and continues to do so in her second amended complaint, that Boeker conspired with D'Aquilla and Daniel in their failure to investigate and prosecute him, in violation of § 1983 and § 1985. (*See id.*; SAC).

Previously, the Court ruled that Plaintiff's § 1983 and § 1985 civil conspiracy claims against Boeker could proceed, explicitly tying its decision to the Court's simultaneous ruling, (Doc. 82), that Plaintiff had successfully alleged a constitutional violation against Defendants D'Aquilla and Daniel for their failure to investigate and prosecute Boeker. (Doc. 83 at 11 ("While Boeker is correct that a conspiracy claim is not actionable without an actual violation of section 1983, the Court has already held that Plaintiff has stated a viable claim under the Equal Protection Clause [against D'Aquilla and Daniel . . . .")). In other words, the underlying constitutional violation was D'Aquilla and Daniel's failure to investigate and prosecute Boeker. Boeker's alleged role in helping D'Aquilla and Daniel was sufficient to state a claim for civil conspiracy.

The Court's ruling as to D'Aquilla and Daniel, however, was overturned by the

5

Fifth Circuit, which held unequivocally that "victims of crime do not have a cognizable interest in the investigation or prosecution of others," depriving them of standing to sue. *See Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021), *cert. denied* 142 S. Ct. 2732 (2022). The claims against Daniel and D'Aquilla were accordingly dismissed because Plaintiff had failed to state a constitutional violation against them. (*See* Docs. 115, 156).

Now, Boeker seeks dismissal of Plaintiff's § 1983 and § 1985 civil conspiracy claims against him because Plaintiff cannot establish that her constitutional rights were violated. The Court agrees.

Although conspiracies under § 1983 and § 1985 are different, both require an underlying constitutional violation. *See Pastorek v. Trail*, 248 F.3d 1140 (5th Cir. 2001) ("A section 1983 plaintiff may assert conspiracy claims, but such a claim is not actionable without an underlying violation of section 1983."); *Jackson v. Pierre*, 810 F. App'x 276, 281 (5th Cir. 2020) ("[B]ecause of our conclusion . . . that Jackson failed to plausibly allege a due process violation as a matter of law, there can be no relevant [§ 1985] conspiracy."). For § 1983, this is an essential element of the claim. *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). Likewise, under § 1985 a defendant must conspire to deprive a plaintiff of the equal protection of the laws. *Id.* As explained above, the Fifth Circuit held that failing to investigate and prosecute was not a deprivation of constitutional rights. *Lefebure*, 15 F.4th at 655. Based on this decision, the Court dismissed Plaintiff's claims against D'Aquilla and Daniel. Now, the only claims remaining are Plaintiff's civil conspiracy claims against Boeker. And

6

again, the Court has already explicitly predicated the viability of the conspiracy claims against Boeker on the viability of related claims against D'Aquilla and Daniel. (Doc. 83 at 11). The latter claims have since been dismissed as not viable. As such, because civil conspiracy claims under both § 1983 and § 1985 require an underlying constitutional violation—and there was none here—Plaintiff's civil conspiracy claims against Boeker must be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant Boeker's **Rule 12(C) Motion for Judgment on the Pleadings (Doc. 220)** be and is hereby **GRANTED**, and Plaintiff's claims for civil conspiracy under 42 U.S.C. §§ 1983 and 1985 be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Boeker's **Motion to Dismiss (Doc. 219)** the 42 U.S.C. § 1983 bodily integrity claim be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Boeker's **Motion for Summary Judgment (Doc. 242)** be and is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 17th day of June, 2024

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA