UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | CIVIL ACTION NO. 3:17-cv-01791 |
| **VERSUS** | DISTRICT JUDGE BRIAN A. JACKSON |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | MAG. JUDGE ERIN WILDER-DOOMES |

**DEFENDANT BARRETT BOEKER'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY EXPERT OR MEDICAL TESTIMONY AND/OR EXPERT REPORTS FROM DR. KAREN DANTIN, DR. KELLY CANNON, ROBIN NEIL, TAMMY LOWREY AND ANY OTHER MEDICAL PROVIDERS, AND TO EXCLUDE ANY EVIDENCE, ARGUMENT, TESTIMONY OR COMMENTS ABOUT PLAINTIFF'S ALLEGED MENTAL HEALTH DISORDERS**

MAY IT PLEASE THE COURT:

   **I.    Introduction**

Defendant, Barrett Boeker ("Mr. Boeker" or "Defendant") respectfully submits this memorandum in support of his motion in limine to exclude any treating medical provider testimony and/or expert reports from Dr. Karen Dantin, Dr. Kelly Cannon, Tammy Lowrey[1], Robin Neil and all other of Plaintiff's physicians or medical providers and to exclude any evidence, argument, testimony or comment from any witness or their counsel about Plaintiff's alleged diagnosis of Post Traumatic Stress Disorder ("PTSD") or any mental health disorders which she

---

[1] Mr. Boeker respectfully submits that, if called to testify, Tammy Lowrey should only be permitted to testify as a fact witness and/or to authenticate the rape kit report she authored upon examining Plaintiff on December 8, 2016. But, for the reasons below, she should be prohibited from testifying on any other grounds.

1

may claim were caused by her alleged rape by Mr. Boeker.[2]

Plaintiff alleges in her complaint that she suffers from "post-traumatic stress disorder, depression, and other mental and physical health issues. . ." (R.Doc.212, ¶ 86) Thus, Mr. Boeker anticipates that Plaintiff may attempt to offer evidence or testimony from Dr. Karen Dantin, Dr. Kelly Cannon, and/or Robin Neil. Dr. Dantin, Plaintiff's purported "long time" doctor, was not listed as a potential fact witness in Plaintiff's Rule 26 initial disclosures,[3] nor were Dr. Kelly Cannon or Robin Neil. Medical records produced to Mr. Boeker indicate that around October 3, 2017, Dr. Kelly Cannon at Woman's Hospital allegedly diagnosed Plaintiff with, *inter alia*, PTSD. However, neither Dr. Dantin, Ms. Neil, or Dr. Cannon were timely and properly disclosed as treating physicians/medical providers or potential expert witnesses under Rule 26(a)(2)(C), (D) by this Court's prior deadline. That deadline was nearly two ("2") years ago on September 16, 2022 (R.Doc.123). Further, none of these witnesses have produced an expert report. As a result, Plaintiff cannot properly lay a foundation at trial for Plaintiff suffering from PTSD or any mental health disorder, nor elicit testimony from any person that Mr. Boeker's alleged rape of Plaintiff caused any mental health disorder. Accordingly, Mr. Boeker objects to any evidence, argument, testimony or statements from any witness or counsel that Plaintiff suffers from "PTSD" or any mental health disorder as a result of the rape allegations.

Pursuant to Fed R. Evid articles 801-802 and 403 Mr. Boeker further objects to Dr. Dantin, Dr. Cannon, Robin Neil and/or any other medical provider offering any testimony as fact witnesses as they have no first-hand knowledge of any relevant facts, and their testimony would consist only

---

[2] In accordance with this Court's prior Order (R.Doc.263), undersigned counsel had a telephone conference with Plaintiff's counsel today. However, despite the parties' best efforts to resolve the issues subject of this motion, no resolution was obtained. Consequently, Mr. Boeker respectfully submits that judicial intervention is necessary.

[3] Ex. A

2

of inadmissible hearsay that lacks a foundation. Such testimony would also be duplicative of Ms. Lefebure's testimony and would thus be unduly prejudicial to Mr. Boeker. For these reasons, and as more fully set forth below, this motion should be granted.

## II.     Factual Background/Procedural History

Plaintiff, Priscilla Lefebure ("Ms. Lefebure") originally instituted this action on December 21, 2017. Thereafter she filed a First Amended Complaint (R.Doc.37), and then on October 18, 2023, she filed a Second Amended Complaint (R.Doc.212) the latter of which remains the operative complaint in this matter. The following claims remain: (i) intentional infliction of emotional distress, assault, battery, false imprisonment, and rape, against Mr. Boeker (the Fourth Cause of Action); and (ii) a Fourteenth Amendment Due Process- violation of bodily integrity claim under 42 U.S.C. § 1983.

## III.    Legal Standards

### A. Standards for Admission of Relevant Evidence and Motions in Limine

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. R. 401. Irrelevant evidence is not admissible. Fed. R. Evid. R. 402. Even if evidence is relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. R. 403

Motions in *limine* are "well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Braun v. Clean Harbors Envtl. Servs., Inc.,* No. 1:14-CV-524,

2016 WL 7551201, at *1 (E.D. Tex. May 6, 2016) *(citing United States v. Tokash,* 282 F.3d 962, 968 (7th Cir.), *cert. denied,* 535 U.S. 1119 (2002)). A properly filed motion *in limine* permits a trial judge to remove evidentiary submissions from being presented at trial that would otherwise improperly influence or create prejudice, harm or confusion to a party if allowed to be presented to the jury. *Shotts v. Geico Gen. Ins. Co.,* 2018 U.S. Dist. LEXIS 220645, at *2 (W.D. Okla. July 12, 2018) (internal citations omitted). "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 U.S. Dist. LEXIS 18648, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 U.S. Dist. LEXIS 17926, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) Another purpose of the motion in limine is to prevent the opposing party "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (Internal citation omitted.)

    **B.  Standards Under Rule 26 for Treating Physicians**

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Generally, retained experts must provide a report as required by Rule 26(a)(2)(B), whereas under Rule 26(a)(2)(C) all other experts do not need to provide a report but need only disclose the subject matter of the testimony and a summary of the facts and opinions to which the witness is expected to testify. *Farris v. Jefferson,* 2021 U.S. Dist. LEXIS 46877, at *3 (W.D. La. Mar. 11, 2021)

"Treating physicians may be called as non-retained experts, but then must only testify based on their personal knowledge from 'examination, diagnosis, and treatment of [the plaintiff], not from information acquired from outside sources.' If the physician's testimony is not limited to that knowledge from treatment of the plaintiff, 'courts have found that the treating physician acts more like [a retained] expert and must submit a report under Rule 26(a)(2)(B).'" Fed. R. Civ. P. 26(a)(2)(C); *Duke v. BP Expl. & Prod.,* 2023 U.S. Dist. LEXIS 56047, at *6 (E.D. La. Mar. 31, 2023) (internal citations omitted).

However, where an expert – *including a treating physician* – is expected to testify as to causation, that expert must provide a report pursuant to Rule 26(a)(2)(B). *Id.* Where a doctor fails to provide a report as required by Rule 26, exclusion of their testimony is warranted by this failure alone. *Collett v. Weyerhaeuser Co.*, 512 F. Supp. 3d 665, 674 (E.D. La. 2021)

IV.    **Argument**

A. **NEITHER DR. KAREN DANTIN NOR ANY OTHER PHYSICIAN HAS BEEN TIMELY OR PROPERLY DISCLOSED AS A TREATING MEDICAL PROVIDER AND SHOULD THUS BE PROHIBITED FROM TESTIFYING**

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure mandates that parties disclose witnesses whom they intend to call at trial as treating medical providers or expert witnesses by any deadline set by the Court or, if no such deadline exists, 90 days prior to trial. *Id.* Pursuant to this Court's prior Order, Plaintiff was required to disclose any Dr. Dantin, Dr. Cannon, Tammy Lowrey, Robin Neil or any other treating medical provider or expert witness nearly two ("2") years ago, or by September 16, 2022 (R.Doc.123). In that disclosure, Plaintiff was required to either identify such witnesses as experts who are to provide an expert report (Rule 26(a)(2)(B)) and then produce said reports to Boeker by November 24, 2022 (R.Doc. 123) or identify these witnesses and/or other physicians as a treating medical providers (Rule 26(a)(2)(C)).

5

Plaintiff identified the following medical providers in her March 10, 2022 discovery responses:

- Dr. Karen Dantin, noting she ". . . is aware of the psychological and physical damage Ms. Lefebure suffered because of the incidents." (Ex. B, p. 11 ¶ 11); and

- Robin Neil, a physician's assistant, at St. James Behavioral Health Hospital, who allegedly "conducted a psychiatric examination of Ms. Lefebure in June 2019, and can testify to the psychological damage and suffering the incidents caused Ms. Lefebure." (*Id.* at p. 11, ¶ 12).

But, this does not suffice. If Plaintiff intended these witnesses to testify as treating medical providers, Ms. Lefebure was required to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) *a summary of the facts and opinions* to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C) Plaintiff has not done this.

For purposes of Rule 26(a)(2)(C), the phrase "treating physician" has not been defined by the statute or jurisprudence, particularly to distinguish it from a physician who has been retained as an expert. However, the term "treating physician" has been defined in other contexts, notably Social Security, as follows: "[A] treating physician is defined as a physician or psychologist 'who provides you, or has provided you, with medical treatment or evaluation *and* who has, or has had, an *ongoing* treatment relationship with you.'" *Richardson ex rel. C.R. v. Barnhart*, 338 F. Supp. 2d 749, 759 (S.D. Tex. 2004)(citing 20 C.F.R. § 416.902)(emphasis supplied in original); *See also Chadwick v. Colvin,* 2016 U.S. Dist. LEXIS 91707, at *17 (E.D. Tex. July 14, 2016) (citing 20 C.F.R. § 404.1502).

Mr. Boeker respectfully submits that the foregoing definition should apply to determining whether a physician is a "treating physician" for purposes of Rule 26(a)(2)(C). Of particular importance is the emphasis of an ongoing treatment relationship. Some physical ailments may be

6

sufficient to cure with one treatment or visit with a physician, but the mental health conditions notoriously require frequent visits with a mental health professional for some sort of therapy.

Here, there is no evidence tending to show that Dr. Dantin, Dr. Cannon, Robin Neil or Tammy Lowrey (the RN who examined Plaintiff and produced the rape kit report) are "treating medical providers" as described in *Richardson,* 338 F. Supp. 2d 749, 759 or *Chadwick,* 2016 U.S. Dist. LEXIS 91707, at *17. To date, Plaintiff has provided Mr. Boeker with next to no medical records from any visits or treatment provided by Dr. Dantin, save 10 pages of Dr. Dantin's medical bills (LEFEBURE(PL)0140-150)[4] These medical bills note only that Ms. Lefebure had numerous "outpatient visits" and that she submitted to drug and urinalysis testing - all for unidentified reasons. *Id.* Plus, Mr. Boeker is unaware of any medical records from Physician's Assistant, Robin Neil. Mr. Boeker has no knowledge of whether Ms. Lefebure has been treating with Dr. Dantin, Dr. Cannon or Robin Neil, for what purpose, when, nor if any such treatment has concluded or is ongoing. Plaintiff has Dr. Cannon's medical records from Plaintiff's December 8, 2016 visit at Woman's Hospital for the sexual assault examination. However, as noted above, Dr. Cannon has not been timely and properly disclosed as an expert witness nor treating medical provider. Thus, she cannot offer testimony about any mental health condition Plaintiff may be experiencing. Accordingly, neither Dr. Dantin, Dr. Cannon, Ms. Neil, Ms. Lowrey nor any other physician should be permitted to testify as Plaintiff's treating medical providers.

### B. DR. DANTIN, ROBIN NEIL, DR. CANNON AND TAMMY LOWREY SHOULD NOT BE ALLOWED TO TESTIFY AS EXPERT WITNESSES

Further, offering testimony from Dr. Dantin, Dr. Cannon, Robin Neil or Ms. Lowrey as experts on the cause of any mental health disorder or condition would be subject Rule 26(a)(2)(B) as expert witnesses, rather than Rule 26(a)(2)(C). *Collett,* 512 F. Supp. 3d at 674. Because these

---

[4] Ex. C

witnesses did not provide reports pursuant to Rule 26(a)(2)(B), they should be barred from testifying as to any mental health disorder or condition that Ms. Lefebure may be experiencing, including PTSD, anxiety or depression, as well as the cause of same. *Duke,* 2023 U.S. Dist. LEXIS 56047, at *6

### C. DR. DANTIN, DR. CANNON AND ROBIN NEIL SHOULD BE PROHIBITED FROM TESTIFYING AS A FACT WITNESSES

Further, pursuant to Federal Rules of Evidence articles 801-802 and 403 Mr. Boeker objects to Dr. Dantin, Dr. Cannon, or Robin Neil offering any testimony as fact witnesses as they have no first-hand, independent knowledge of any relevant facts and their testimony would consist only of inadmissible hearsay, which would be needlessly duplicative of Ms. Lefebure's testimony and thus unduly prejudicial to Mr. Boeker.

### D. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE ABOUT ANY MENTAL HEALTH DISORDER SHE MAY BE EXPERIENCING AND THE CAUSE OF SAME

Finally, Plaintiff alleges in her complaint that she suffers from "post-traumatic stress disorder, depression, and other mental and physical health issues. . ." (R.Doc.212, ¶ 86) Medical records produced to Mr. Boeker indicate that around October 3, 2017, Dr. Kelly Cannon at Woman's Hospital allegedly diagnosed Plaintiff with, *inter alia*, PTSD. For the reasons set forth above, Mr. Boeker objects to any evidence, argument, testimony or statements from anyone that Plaintiff suffers from "PTSD" or any mental health disorder and the cause of same.

If this Court is inclined to allow the use of medical records regarding Plaintiff's alleged mental health disorders, Plaintiff has not (and cannot show as set forth above) that the opinions forming the basis of any such mental health disorders would be admissible under the factors required by *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993). For example, if Plaintiff has been diagnosed with PTSD, she cannot show that her sexual encounters with Mr. Boeker

8

caused or contributed to such a condition as opposed to other events, nor that any such diagnosis is the product of a well thought out, reliable methods. Finally, at this late stage in the litigation, given that none of Plaintiff's medical providers have been timely and properly disclosed as treating medical providers or expert witnesses, permitting such medical records with only conclusory diagnoses of Plaintiff's alleged mental health disorders would amount to trial by ambush, causing Boeker irreparable prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Barrett Boeker's motion in limine should be granted and an order should issue herein to excluding any treating medical provider testimony and/or expert testimony or reports from Dr. Karen Dantin, Dr. Kelly Cannon, Robin Neil, Tammy Lowrey and all of Plaintiff's other physicians and to exclude any evidence, argument, testimony or comment from any witness or their counsel about Plaintiff's alleged diagnosis of Post Traumatic Stress Disorder ("PTSD") or any mental health disorders that she may be experiencing and the cause of same.

Respectfully submitted,

**SMITH LAW FIRM**

*/s/ J. Arthur Smith, III*
J. Arthur Smith, III, T.A. (La. #07730)
830 North Street
Baton Rouge, La 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
Email: jasmith@jarthursmith.com

MICHAEL J. JEFFERSON
ATTORNEY AT LAW
La. Bar Roll No. 22430
P.O. Box 1906
Baton Rouge, LA 70821-1906
mjefferson@mjjefferson.com

9

*Counsel for Defendant, Barrett Boeker*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24<u>th</u> day of July, 2024, a copy of the foregoing was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

 <u>/s/ J. Arthur Smith, III</u>
J. Arthur Smith, III