## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**PRISCILLA LEFEBURE**                                    **CIVIL ACTION**
*Plaintiff*

**VERSUS**                                                **NO. 17-1791-SDD-EWD**

**BARRETT BOEKER, et.
al.**
*Defendants*

### PLAINTIFF'S RULE 26 INITIAL DISCLOSURES

### A.      INDIVIDUALS WHO MAY POSSESS RELEVANT INFORMATION

1.      Priscilla Lefebure. Ms. Lefebure has information relevant to her claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law. Ms. Lefebure also has information about her injuries, mental, physical, and emotional, and her damages. Ms. Lefebure may be reached through undersigned counsel.

2.      Barrett Boeker. Mr. Boeker has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law.

3.      Sam D'Aquilla—20th Judicial District Attorney, West Feliciana Parish. Mr. D'Aquilla has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law.

**EXHIBIT A**

D'Aquilla also has information on the District Attorney's Office's policies and standard operating procedures for investigating crimes and working with the Sheriff's Office.

4.      J. Austin Daniel—former Sheriff, West Feliciana Parish. Mr. Daniel has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law. Mr. Daniel also has information on the Sheriff's Office's policies and standard operating procedures for investigating crimes and working with the District Attorney's Office.

5.      Sergeant Shannon Tilley—West Feliciana Sheriff's Office. Mr. Tilley has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, and the Sheriff's Office's investigation into those assaults.

6.      Sergeant David Hidalgo—West Feliciana Sheriff's Office. Mr. Hidalgo has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, and the Sheriff's Office's investigation into those assaults.

7.      Dylan Pizzolato—Ms. Lefebure's boyfriend at the time of the assaults by Barret Boeker. Mr. Pizzolato has information relevant to Ms. Lefebure's injuries and damages resulting from Mr. Boeker's assault and Defendants' actions in response to her reports of assault.

8.      Aurielle Graham Boeker—Mr. Boeker's former wife and Ms. Lefebure's cousin. The former Mrs. Boeker lived at the house where the assaults were committed and was told about them by Ms. Lefebure. The former Ms. Boeker is also aware of other sexual assaults committed by Mr. Boeker.

9.      Helena Graham—Aurielle Boeker's mother and Mr. Boeker's former mother-in-law. Helena was told about the assaults by Ms. Lefebure and is also aware of other sexual assaults committed by Mr. Boeker.

10.     Tammy Lowery—Registered Nurse, Women's Hospital, collected rape kit, examined Plaintiff.

11.     Enna Mathema—STAR Advocate, present during Ms. Lefebure's rape examination.

12.     Any individual identified by Defendants.

13.     Any individual necessary for impeachment.

14.     Any individual identified in discovery but not named here.

**B.      RELEVANT DOCUMENTS**

Plaintiff currently has custody over the following documents and may use them to support her claims:

1.      Correspondence and communications between Mr. D'Aquilla and Ms. Lefebure, including a copy of a report generated by the Sheriff's Office in this matter forwarded by Mr. D'Aquilla.

2.      Correspondence between the West Feliciana Parish Sheriff's Office and Ms. Lefebure.

3.      The written documentation from Ms. Lefebure's exam conducted at Women's Hospital on December 8, 2016.

4.      A copy of Ms. Lefebure's signed statement provided to the Sheriff's Office.

In addition, the following categories of documents and tangible items may be used to support Plaintiff's claims:

1.      All documents related to Ms. Lefebure's rape, sexual assault, and mistreatment by Mr. Boeker.

2.      All documents related to Ms. Lefebure's attempts to have the crimes committed against her investigated.

3.      All documents related to the West Feliciana Office's investigation of those crimes.

4.      All documents related to the West Feliciana District Attorney's Office investigation of those crimes.

5.      All documents related to the West Feliciana District Attorney's Office's policies and procedures regarding crime investigation, victim interviews, witness interviews, evidence collection and handling, and any policy related to the treatment and investigation of sexual assault crimes.

6.      All documents related to the West Feliciana Sheriff's Office policies and procedures regarding the investigation of crimes, interactions with witnesses and/or victims, and working with the District Attorney's Office, as well as any statistics and/or data related to the gender of crime victims in West Feliciana Parish, the types of crimes committed against them, and the Sheriff's Office's investigation of those crimes.

7.      Ms. Lefebure's medical records related to the assaults and trauma, including but not limited to the rape kit done by Woman's Hospital.

8.      All documents showing the damage done to Ms. Lefebure's physical, emotional, and mental health, as well as those showing her loss of income, employment, educational opportunities, housing, and safety.

9.      Any document later identified during discovery.

**C.     DAMAGES**

Plaintiff contends that damages exceed the jurisdictional requirement and exceed $75,000. Damage amounts to be proven at trial include Ms. Lefebure's past and future physical, mental, and

emotional distress, pain and suffering stemming from Mr. Boeker's repeated assaults and the Defendants' refusal or failure to investigate those assaults. Plaintiff claims compensatory, punitive, and all other damages allowed by law.

D.    **<u>INSURANCE</u>**

Defendants' insurance policies and coverage are relevant to these proceedings. Plaintiff does not have insurance coverage relevant to her claims or these proceedings.

As discovery is ongoing, Plaintiff specifically reserves the right to supplement these disclosures as new or additional information becomes available.

| | |
|---|---|
| Respectfully submitted,<br><br>*/s/ Jack Rutherford*<br>Jack G. Rutherford, La. Bar No. 34968<br>Jessica L. Orgeron, La. Bar No. 32623 (*MDLA admission pending*)<br>Rutherford Law PC<br>900 Camp St.<br>New Orleans, Louisiana 70130<br>(415) 794-5639<br>jgr@rfordlaw.com<br>jess@rfordlaw.com<br>***Counsel for Plaintiff Priscilla Lefebure*** | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of January 2022, I served the foregoing by electronic mail to all Defense counsel registered for electronic service in this case with the CM/ECF system.

*/s/ Jack G. Rutherford*