UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRISCILLA LEFEBURE            \*    CIVIL ACTION NO:

                                     \*

VERSUS                         \*    3:17-cv-1791-JWD-EWD

                                     \*

BARRETT BOEKER, Assistant Warden, Louisiana
State Penitentiary, J. AUSTIN DANIEL, Sheriff,
West Feliciana Parish, PRINCETON EXCESS and
SURPLUS LINES INS. CO., INSURANCE
COMPANY DOES 2-5

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

        Plaintiff Priscilla Lefebure ("Plaintiff"), hereby objects and responds to the

Interrogatories, Requests for Admissions, and Requests for Production of Documents

propounded by defendant Barrett Boeker (official capacity claims) as follows:

### **GENERAL OBJECTIONS**

        1.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for

Production to the extent that they seek to impose any requirement or discovery obligation other

than or beyond those imposed by the Federal Rules of Civil Procedure or other applicable rules

of the Court.

        2.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for

Production to the extent they seek information or the production of documents that are neither

**EXHIBIT B**

relevant to the disputed issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. In responding or objecting to the Interrogatories, Requests for Admission, and Requests for Production, Plaintiff does not concede that any of the information sought therein is relevant or material to the claims or defenses of either Plaintiff or Defendants, admissible in evidence, or reasonably calculated to lead to discovery of admissible evidence.

3.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they are overbroad and unduly burdensome, and specifically if they seek information already in the possession, custody, or control of Defendants.

4.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they are vague, ambiguous, or require speculation to uncover their meanings.

5.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent they call for information or production of documents generated subsequent to the filing of suit as they are not relevant and are protected under the attorney-client privilege, the common interest privilege, and the work product or anticipation of litigation doctrines.

6.    Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they call for information or production of documents that contain information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. All responses and production shall exclude any such privileged or protected information and documentation. This General Objection is intended to prevent any waiver of these privileges or protections as to any specific request. To the extent that any document containing such protected information is inadvertently produced in response to a Request for Production, the production of such document shall not constitute a waiver of Plaintiff's rights to assert the applicability of any privilege or immunity to the document, and any such document and all copies of images thereof shall be returned to Plaintiff.

7.    Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they seek information and/or the production of documents that are not within Plaintiff's possession, custody, or control, and to the extent they call for documents and information in the possession of third parties over which Plaintiff does not have possession or control.

8.      Plaintiff's responses and objections are made without waiving or intending to waive, but on the contrary, reserving and intending to reserve: (1) the right to raise all questions of authenticity, foundation, competency, relevance, materiality, privilege and admissibility of evidence for any purpose of any of the information or documents produced hereunder or the subject matter thereof; (2) the right to object on any ground to the use of the information or documents produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; (3) the right to object on any ground at any time to a demand for further response or document production; and, (4) the right at any time to revise, supplement, correct, or add to these answers and objections.

9.      No objection made herein, or lack thereof, shall be deemed an admission by Plaintiff as to the existence or nonexistence of any documents.

10.     Plaintiff objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories, Requests for Admission, and Requests for Production. Plaintiff's response that she will produce documents responsive to a request, or that she has no responsive documents, is not intended to mean that Plaintiff agrees with any implications or explicit or implicit characterization of facts, events, circumstances, or issues in the Requests for Production, or that they are relevant to this action.

4

11.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they seek documents or information in the possession, custody, or control of any person or entity other than Plaintiff.

12.     Plaintiff  objects to the Interrogatories, Requests for Admission, and Requests for Production, insofar as they may be construed as limiting or restricting her right to rely upon any document, thing, or information for any purpose whatsoever, including the use of responsive documents, things, or information as evidence at any subsequent hearing, trial, or other proceeding.

13.     Plaintiff has not fully completed discovery with respect to matters at issue in this case and has not completed her preparation for trial. For those reasons, Plaintiff's responses to the Interrogatories, Requests for Admission, and Requests for Production may be incomplete. Additionally, there is a possibility that, upon further investigation, certain details set forth in the responses may be altered and/or amended. Plaintiff reserves the right to supplement all responses.

14.     These responses are made without prejudice to Plaintiff's right to introduce evidence of subsequently discovered facts, documents or writings at trial. Plaintiff reserves her right to produce evidence of any subsequently discovered fact or facts, to alter or amend her responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

5

15.    Plaintiff will make reasonable efforts to respond to each individual request, to the extent that no objection is made, as Plaintiff understands and interprets the request. If Defendant subsequently asserts any interpretation of any individual request that differs from that of Plaintiff, Plaintiff reserves the right to supplement its objections and responses.

## INTERROGATORY NO. 1:

Please state the following for the person or persons answering or providing the information to these  interrogatories:

  a) Full name;
  b) Date of Birth;
  c) Residence Address;
  d) Social Security Number;
  d) Driver's License Number; and,
  e) Current/Last Employer.

## RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory as irrelevant in part. Subject to this objection, Plaintiff responds:

  a)  Priscilla Noel Lefebure
  b)  ██████████████
  c)  Plaintiff objects to providing this information without a protective order in place.
  d)  Objection—irrelevant.
  e)  Objection—irrelevant.
  f)  n/a

The names of Plaintiff's counsel responding to these Interrogatories, along with their current work  addresses, are listed at the bottom of this document.

## INTERROGATORY NO. 2:

Please state if you have pled guilty, pled nolo contendere, or have been convicted of a crime or any criminal offense within the past ten (10) years. If so, state the name of the crime or offense of  which you pled guilty, nolo contendere or were convicted, the date that you entered a plea or

were  convicted, and the parish in which you entered a plea or were convicted.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as irrelevant to the disputed issues, overly broad in seeking information regarding "any criminal offense," and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

State the name and last known address and/or housing location of all persons that you believe, or have been informed, witnessed the incidents in question.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as vague, premature, and unduly burdensome, including to the extent that discovery is not complete. Fed. R. Civ. P. Rule 33(a)(2)(noting a court may order an interrogatory need not be answered until discovery is incomplete). Plaintiff objects to the request for the identity of these individuals and their last known housing location to the extent that this information is in the possession, custody, or control of Defendants or third parties. Subject to these objections, Plaintiff construes the phrase "incidents in question" to encompass Defendant Boeker's sexual assaults of Lefebure and the ensuing conspiracy to protect Boeker from investigation. Additional individuals may be added later.

1) Priscilla Lefebure
2) Barrett Boeker
3) J. Austin Daniel
4) Samuel D'Aquilla
5) Aurielle Graham Boeker
6) Sgt. David Hidalgo
7) Sgt. Shannon Tilley

**INTERROGATORY NO.4:**

Please state the name, address/housing location, and telephone number of each and every person or persons who you believe, or have been informed, has any knowledge concerning the incident sued upon herein, the nature or extent of injuries/damages that you allege to have sustained, or other facts relevant to this action; including in your response a brief statement as to the extent of their knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as vague, ambiguous, overbroad, premature, and unduly burdensome, including to the extent that discovery is not yet complete. Plaintiff also objects to the extent that this information is in the possession, custody, or control of Defendants or third parties. Subject to these and the above general objections, please see the below response to Interrogatory No. 5.

**INTERROGATORY NO. 5:**

Please identify all witnesses that you intend to call and/or use at the trial of this matter, including, for each witness:

   a) Full legal name
   b) Contact information including address, phone number, place of confinement, and/or housing assignment
   c) The relationship between you and the witness
   d) The general subject and brief synopsis of the subject and expected testimony of each witness

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome, including to the extent discovery is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff also objects to the extent that this information is in the possession, custody, or control of Defendants or third

parties. Plaintiff does not at this time know who she may call as a witness to testify at trial or the content of their expected testimony, but will produce her Witness List in accordance with the Court's directives. Subject to these and all general objections, Plaintiff may call:

1. Priscilla Lefebure. Ms. Lefebure has information relevant to her claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law. Ms. Lefebure also has information about her injuries, mental, physical, and emotional, and her damages. Ms. Lefebure may be reached through undersigned counsel.

2. Barrett Boeker. Mr. Boeker has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law.

3. Sam D'Aquilla—20th Judicial District Attorney, West Feliciana Parish. Mr. D'Aquilla has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law. D'Aquilla also has information on the District Attorney's Office's policies and standard operating procedures for investigating crimes and working with the Sheriff's Office.

4. J. Austin Daniel—former Sheriff, West Feliciana Parish. Mr. Daniel has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, the ensuing conspiracy to prevent investigation of those assaults, as well as Defendants' acts in violation of her right to equal protection under and by the law. Mr. Daniel also has information on the Sheriff's Office's policies and standard operating procedures for investigating crimes and working with the District Attorney's Office.

5. Sergeant Shannon Tilley—West Feliciana Sheriff's Office. Mr. Tilley has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, and the Sheriff's Office's investigation into those assaults.

6. Sergeant David Hidalgo—West Feliciana Sheriff's Office. Mr. Hidalgo has information relevant to Plaintiff's claims, her rape and sexual assault on the grounds of the Louisiana State Penitentiary, and the Sheriff's Office's investigation into those assaults.

7. Dylan Pizzolato—Ms. Lefebure's boyfriend at the time of the assaults by Barret Boeker. Mr. Pizzolato has information relevant to Ms. Lefebure's injuries and damages resulting from Mr. Boeker's assault and Defendants' actions in response to her reports of assault.

8. Aurielle Graham Boeker—Mr. Boeker's former wife and Ms. Lefebure's cousin. The former Mrs. Boeker lived at the house where the assaults were committed and was told about them by Ms. Lefebure. The former Ms. Boeker is also aware of other sexual assaults committed by Mr. Boeker.

9. Helena Graham—Aurielle Boeker's mother and Mr. Boeker's former mother-in-law. Helena was told about the assaults by Ms. Lefebure and is also aware of other sexual assaults committed by Mr. Boeker.

10. Tammy Lowery—Registered Nurse, Women's Hospital, collected rape kit, examined Plaintiff.

11. Karen C. Dantin, MD—Ms. Lefebure's primary care physician is aware of the psychological and physical damage Ms. Lefebure suffered because of the incidents. Dr. Dantin's last known address and phone number is 15049 Florida Boulevard Baton Rouge, LA 70819, 225.330.6734.

12. Robin Neil, P.A.-C, St. James Behavioral Health Hospital–PA Neil conducted a psychiatric examination of Ms. Lefebure in June 2019, and can testify to the psychological damage and suffering the incidents caused Ms. Lefebure.

13. Emma Mathema—STAR Advocate, present during Ms. Lefebure's rape examination.

14. Any individual identified by Defendants.

15. Any individual necessary for impeachment.

16. Any individual later identified in discovery but not named here.


**INTERROGATORY NO. 6:**

Please provide the name, address, and telephone number of each and every expert that you have consulted and/or retained with regarding any aspect of this litigation, and, for each, please provide the following:

a) The subject matter on which the expert is expected to testify
b) The field of designation of the expert
c) The substance of the facts and opinions to which the expert is expected to testify,
d) A summary of the grounds for each opinion
e) All correspondence to or from any such expert consulted or retained in this matter; and,
f) Each fact, document, correspondence, or other information provided to, or received from each such expert, and upon which such expert has relied in rendering an opinion.

**RESPONSE TO INTERROGATORY NO. 6**:

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff will disclose her expert witnesses according to the FRCP and scheduling order.

**INTERROGATORY NO. 7:**

List and describe in detail all tangible or physical evidence, documents, writings, illustrations, diagrams, and any other evidence that you may introduce and/or use at the trial of this matter including the name, address and employer of the person or entity who presently has custody of any exhibit.

**RESPONSE TO INTERROGATORY NO. 7**:

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Plaintiff additionally objects to responding to this Interrogatory without a valid protective order in place. Plaintiff will produce documents and information responsive to this request once a protective order has been entered.

**INTERROGATORY NO. 8:**

Please identify, list and describe in detail all tangible physical evidence, documents, writings, illustrations, diagrams and any other evidence that you may introduce and/or use at the trial of this  matter, what said exhibits will prove, who is in possession of said exhibit(s), and that person's  address, housing location or other contact information.

**RESPONSE TO INTERROGATORY NO. 8**:

Plaintiff objects to this Interrogatory as duplicative and refers to her response to Interrogatory

No. 7.

**INTERROGATORY NO. 9**:

Please identify, describe, and itemize in detail, all damages (general and special) to which you
believe you are entitled to recover from Defendants as a result of the incident that forms the basis
of this litigation including, but not limited to:

  a) The dollar amount of each such item of damages;
  b) The information and documentation which you claim will prove such damages; and
  c) The location and person/entity in possession of said information and/or documentation,
  including said person's address, housing assignment, and/or phone number.

**RESPONSE TO INTERROGATORY NO. 9**:

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the

extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a

court may order an interrogatory need not be answered until discovery is complete). Plaintiff

further objects to the Interrogatory to the extent it calls for information in the possession,

custody, or control of Defendants or third parties.

Subject to these objections, Plaintiff responds as follows: Plaintiff has suffered extensive

physical, emotional, psychological, and professional damages. Prior to these incidents, Ms.

Lefebure was attending LSU Nursing School in New Orleans and maintaining part-time

employment. After these incidents, Ms. Lefebure was forced to withdraw from school and has

been unable to secure steady employment since. The sexual assaults left her physically injured

and bruised as well as psychologically traumatized. The ensuing attempts by Defendants to

13

protect her rapist left her psychologically damaged and emotionally bereft. The trauma of law enforcement's failure to protect Ms. Lefebure has also left her terrified of legal processes and authority. Ms. Lefebure recently lost custody of her child due in part to the fear and trauma she has experienced as a result of these incidents. Originally denied access to the Louisiana Victims Fund, Ms. Lefebure has been intermittently without a home and has had to overcome great obstacles to simply secure steady housing. In the five years since Boeker raped Ms. Lefebure and the Defendants protected him, her life has never returned to the normalcy she experienced previously. She has also incurred costs for psychiatric treatment necessitated as a result of her trauma.

Ms. Lefebure estimates she has suffered at least $1,845,000.00 in compensatory damages, these damages include at least $345,000 in pecuniary losses, including but not limited to, loss of housing, loss of income and employment, and loss of educational opportunities. These damages also include at least $1,500,000 in non-pecuniary pain and suffering damages, having experienced extreme post-traumatic stress disorder and emotional suffering as a result of the incidents. Ms. Lefebure reserves the right to adjust these estimates as discovery is ongoing. Ms. Lefebure intends to seek punitive damages to the fullest extent of the law.

**INTERROGATORY NO. 10:**

Please fully identify any and all persons, entities, documents, electronically stored information, oral communications, and any other evidence that supports your contention (if any) that Boeker directly and overtly engaged in a conspiracy to violate your civil rights as implied in Paragraphs 110-116 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory as premature, overbroad, duplicative, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**INTERROGATORY NO. 11:**

Please fully identify any and all persons, entities, documents, electronically stored information, oral communications, and any other evidence that supports your contention (if any) that "Each defendant, acting in concert with one another and other yet-unknown co-conspirators, conspired to violate Ms. Lefebure's civil rights and ensure that Defendant Boeker walked free." as alleged in Paragraph 109 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**INTERROGATORY NO. 12:**

Please fully identify any and all persons, entities, documents, electronically stored information, oral communications, and any other evidence that supports your contention (if any) that "Boeker, D'Aquila, Austin [sic], Warden DOE, and other DOES met shortly after Defendant Boeker's

arrest on December 20, 2016." as alleged in Paragraph 110 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information already in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**INTERROGATORY NO. 13:**

Please fully identify any and all persons, entities, documents, electronically stored information, oral communications, and any other evidence that supports your contention (if any) that Boeker entered into an agreement with other Defendants whereby he "…agreed that Defendant Boeker was telling the truth and that the Plaintiff Lefebure was lying," as alleged in Paragraph 110 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete).Plaintiff further objects to the Interrogatory to the extent it calls for information already in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**INTERROGATORY NO. 14:**

Please fully identify any and all persons, entities, documents, electronically stored information, oral communications, and any other evidence that supports your contention (if any) that Boeker

"…agreed at that and possible other meetings to not investigate and/or prosecute the case against Defendant Boeker, " as alleged in Paragraph 110 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**INTERROGATORY NO. 15:**

Please fully identify any and all persons, entities, documents, electronically stored information, oral communications, and any other evidence that supports your contention (if any) that Boeker "… made this agreement use [sic] their official positions and power under the color of law and each took concrete steps to violate Ms. Lefebure's federal and state constitutional rights as the victim of a violent sexual act." As alleged in Paragraph 114 of your complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce copies of all documents, records, exhibits, data, and other items that you identified,  reviewed, relied upon, or referred to in responding to the foregoing Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to the Request to the extent it seeks documents and information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive documents.

### REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of any and all incident report, investigative reports, criminal records, investigative files, and/or other documents in your possession, custody or control that related to the incident made the basis of this lawsuit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or control of Defendant or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any and all statements made by any person concerning the subject matter of this suit in your custody or control including any written statements, tape recordings and/or transcripts signed or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome, including to

the extent discovery is not yet complete. Plaintiff also objects to the Request to the extent it seeks

documents and information protected from disclosure under the attorney-client privilege, the

attorney work product doctrine, or any other legally recognized privilege, immunity, or

exemption from discovery. Plaintiff further objects to the Request to the extent it calls for

documents in the possession, custody, or control of Defendant or third parties. Subject to these

objections and with a Protective Order in place, Plaintiff will produce responsive information

and documents.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all photographs, motions, pictures, videotapes, sketches, drawings, or diagrams concerning the incident in question, including but not limited to, any depicting the incident scene or the people involved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request as vague, premature, overbroad, and unduly burdensome,

including to the extent discovery is not yet complete. Plaintiff further objects to the Request to

the extent it calls for documents in the possession, custody, or control of Defendant or third

parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce

responsive information and documents.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all notes, logs, memoranda, or diary, maintained in connection with any of your activities that concern, or are in any way related to, the claims asserted in your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request as vague, premature, overbroad, and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to the Request to the extent it seeks documents and information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery.  Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or control of Defendant or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all documents, data and/or otherwise which you may use to calculate and/or prove the damages you have alleged to have sustained.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome, including  to the extent discovery is not yet complete.  Plaintiff also objects to the Request to the extent it seeks documents and information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. Plaintiff further objects to the Request to the extent it calls for

documents in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all medical reports, doctors' reports, hospital records, medical records, and any and all other medical documentation relating to medical treatment, diagnoses, prognoses and/or prescription medication received as a result of the injuries and damages arising from the subject matter of this litigation, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all paid and unpaid bills from any hospital, surgeon, physician, or other medical practitioner, resulting from your treatment, or consultation for the injuries allegedly sustained by you as a result of the accident, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to the Request to the extent it calls for information already in the possession, custody, or control of Defendant. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who you have consulted or retained as an expert witness(es) herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Plaintiff will produce expert witness materials and disclosures as required by the Scheduling Order and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce true and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you have retained or consulted with and/or may call to testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Request as premature, overbroad, and unduly burdensome to the extent discovery and trial preparation is not yet complete. Plaintiff will produce expert witness materials and disclosures as required by the Scheduling Order and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce copies of any and all documents, exhibits, records, data, recordings and/or other items that you may use to prove any portion of your claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request for Production as vague, ambiguous, overbroad and unduly burdensome, including to the extent discovery and trial preparation is not yet complete. Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or

control of Defendants or third parties. Subject to these objections and with a Protective Order in place, Plaintiff will produce responsive information and documents.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all exhibits, documents, records, photographs, evidence, or demonstrative  evidence of any nature whatsoever which you may attempt to introduce into evidence or use at the  trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Request for Production as vague, ambiguous, overbroad and unduly burdensome, including to the extent discovery and trial preparation is not yet complete. Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or control of Defendants or third parties. Plaintiff will produce trial materials and disclosures as required by the Scheduling Order and the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that West Feliciana Parish Sheriff law enforcement officers arrested Barrett Boeker on felony second degree rape charges on December 20, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the 20th Judicial District Attorney's Office filed a felony criminal charge (or charges) against Barrett Boeker in the 20th Judicial District Court arising out of the incidents for which he was arrested on December 20, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that a grand jury hearing was conducted in connection with the felony criminal charge(s) brought against Boeker.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

| | |
|---|---|
| Respectfully submitted,<br><br>*/s/ Jack Rutherford*<br>Jack G. Rutherford, La. Bar No. 34968<br>Jessica L. Orgeron, La. Bar No. 32623 (motion to enroll pending)<br>Rutherford Law PC<br>900 Camp St.<br>New Orleans, Louisiana 70130<br>(415) 794-5639<br>jgr@rfordlaw.com<br>jess@rfordlaw.com<br>***Counsel for Plaintiff Priscilla Lefebure*** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2022, I served the foregoing by electronic mail to all Defense counsel registered for electronic service in this case with the CM/ECF system.

*/s/ Jack G. Rutherford*