UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | CIVIL ACTION NO. 3:17-cv-01791 |
| **VERSUS** | DISTRICT JUDGE BRIAN A. JACKSON |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | MAG. JUDGE ERIN WILDER-DOOMES |

**DEFENDANT BARRETT BOEKER'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY ARGUMENT, TESTIMONY OR COMMENTS ABOUT PLAINTIFF'S DISMISSED CLAIMS**

MAY IT PLEASE THE COURT:

**I.    Introduction**

Defendant, Barrett Boeker ("Boeker" or "Defendant") respectfully submits this memorandum in support of his motion in limine to exclude any evidence, argument, testimony or comments from any witness and/or counsel about any evidence submitted to the grand jury in Boeker's related criminal prosecution, whether and when any evidence was retrieved by the West Feliciana Sheriff's Office and/or any other law enforcement agency, whether the contents of Boeker's cell phone were ever subpoenaed and/or otherwise examined by the West Feliciana Sheriff's Office and/or any other law enforcement agency and whether Boeker's home was ever searched. All of this relates to Plaintiff's now dismissed claims. Boeker anticipates that Plaintiff will and/or may attempt to offer evidence, elicit testimony and/or make arguments about the sufficiency of the criminal investigation of Boeker as to the December 1st and December 3, 2016 sexual encounters with Plaintiff. However, this Court previously dismissed the § 1983 "abuse of

1

process" claim, dismissed *all claims* of civil conspiracy under §§ 1983 and 1985, and only Plaintiff's state law claim and § 1983 bodily integrity claims remain. (R.Doc.83, pp. 18-19, 22, 25; R.Doc.257, p. 6) Thus, any evidence, argument, testimony or comments from any witness and/or counsel about the sufficiency of the criminal investigation and/or prosecution of Boeker is irrelevant under Rule 402, and would confuse a jury, waste valuable judicial resources and the parties' time and be overly prejudicial to Boeker under FRE 403. For these reasons, and as more fully set forth below, this motion should be granted.

II.     **Factual Background/Procedural History**

Plaintiff, Priscilla Lefebure ("Ms. Lefebure") originally instituted this action on December 21, 2017. Thereafter she filed a First Amended Complaint (R.Doc.37), and then on October 18, 2023, she filed a Second Amended Complaint (R.Doc.212) the latter of which remains the operative complaint in this matter. In this Second Amended Complaint, Ms. Lefebure alleged six ("6") claims: (1) a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment Equal Protection rights, La. Const. Art. I, § 3 right to individual dignity against Defendants West Feliciana Parish, and West Feliciana Parish Sheriff J. Austin Daniel in his individual and official capacities (the First Cause of Action); (2) a claim under 42 U.S.C. § 1983 for violating Plaintiff's substantive due process rights under the Fourteenth Amendment and La. Const. Art. I, § 2 against Defendants West Feliciana Parish, and Sheriff J. Austin Daniel in his individual and official capacities (the Second Cause of Action); (3) claims under 42 U.S.C. §§ 1983 and 1985 for civil conspiracy against all Defendants: Boeker, West Feliciana Parish, Sheriff Daniel, Princeton Excess and Surplus Lines Insurance Company, "Insurance Company Does 2-5" and "Does 6-20" (the Third Cause of Action); (4) intentional and negligent infliction of emotional distress, assault, battery, false imprisonment, and rape, against Boeker (the Fourth Cause of Action); (5) a state law

direct action claim against Princeton Excess and Surplus Lines Insurance Company, "Insurance Company Does 2-5" (the Fifth Cause of Action); and (6) Fourteenth Amendment Due Process-Violation of Bodily Integrity under 42 U.S.C. § 1983. Only the fourth and sixth causes of action, (excluding the negligent infliction of emotional distress claim) as to Boeker remain as all other claims have been dismissed.[1] In preparing the pre-trial order in this matter, Plaintiff has cited to the following disputed issues of fact as being ripe for consideration at trial:

. . .

3. Whether the FME[2] was presented to the grand jury.
4. Whether the FME and its corroborating statements and photographs were ever retrieved by the Sheriff's Office or any other law enforcement until after the grand jury returned a "No True Bill" with respect to Boeker's charges.
5. Whether the contents of Defendant Boeker's phone were ever subpoenaed or otherwise examined by the Sheriff's Office.
6. Whether Mr. Boeker's home was ever searched.

In accordance with this Court's prior Order (R.Doc.263), the parties had a telephone conference on the issues subject of the instant motion. Despite the parties' best efforts, all issues subject to this motion were not resolved. Consequently, Boeker respectfully submits that judicial intervention is necessary.

**III.    Legal Standards**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

---

[1] In this Court's prior Order (R.Doc.83), Plaintiff's § 1983 "Abuse of process" claim against Boeker was dismissed along with her negligent infliction of emotional distress ("NIED") claim and the battery and sexual battery claims were found to be duplicative and consolidated into one. *Id.* pp. 18-19, 22, 25 In R.Doc.257, the Court granted Boeker's Rule 12(c) motion for judgment on the pleadings and dismissed all claims of civil conspiracy under §§ 1983, 1985, but denied Boeker's motion to dismiss (R.Doc.219) as to Plaintiff's claims that Boeker violated her Fourteenth Amendment due process rights, retaining Plaintiff's § 1983 bodily integrity claim (the Sixth Cause of Action). R.Doc.257, p. 6

[2] Boeker believes the abbreviation "FME" refers to the sexual assault report done on December 8, 2016 at Woman's Hospital as to a medical examination of Plaintiff that day.

3

Fed. R. Evid. R. 401. Irrelevant evidence is not admissible. Fed. R. Evid. R. 402. Even if evidence is relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. R. 403 "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 U.S. Dist. LEXIS 18648, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 U.S. Dist. LEXIS 17926, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) Another purpose of the motion in limine is to prevent the opposing party "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (Internal citation omitted.)

**IV.   Argument**

**A. EVIDENCE OF THE ADEQUACY *VEL NON* OF THE CRIMINAL INVESTIGATION/PROSECUTION IS IRRELEVANT AND WILL ONLY CONFUSE A JURY AND WASTE TIME AND JUDICIAL RESOURCES**

Only the fourth cause of action: intentional infliction of emotional distress, assault, battery, false imprisonment, and rape, and the sixth cause of action: Fourteenth Amendment Due Process-Violation of Bodily Integrity under 42 U.S.C. § 1983 remain. In the Court's prior Order (R.Doc.83), Plaintiff's § 1983 "Abuse of process" claim against Boeker was dismissed. *Id.* pp. 18-19, 22, 25 In R.Doc.257, the Court granted Boeker's Rule 12(c) motion for judgment on the pleadings and dismissed all claims of civil conspiracy under §§ 1983, 1985. R.Doc.257, p. 6

4

Consequently, whether and when any evidence was submitted to the grand jury in Boeker's related criminal prosecution, the contents of same, whether and when any evidence was retrieved by the West Feliciana Sheriff's Office and/or any other law enforcement agency, whether the contents of Boeker's cell phone were ever subpoenaed and/or otherwise examined by the West Feliciana Sheriff's Office and/or any other law enforcement agency and whether Boeker's home was ever searched are all irrelevant. Proof of any of these facts will not be of consequence in determining the merits of Plaintiff's state law claims and § 1983 bodily integrity claim. Accordingly, evidence tending to prove any of these "disputed facts" are inadmissible under Rule 402.

### B. SUCH EVIDENCE, TESTIMONY AND STATEMENTS WOULD BE OVERLY PREJUDICIAL TO BOEKER

Additionally, any evidence, testimony, argument and/or comments by Plaintiff's counsel tending to prove Plaintiff's disputed facts would only confuse a jury, waste valuable judicial resources and the parties' time and be overly prejudicial to Boeker under FRE 403. See *Fairley v. Wal-Mart Stores, Inc.,* 2016 U.S. Dist. LEXIS 154027, at *9 (E.D. La. Nov. 7, 2016) (granting motion in limine and excluding any evidence tending to prove or disprove plaintiff's dismissed claims); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.,* 2018 U.S. Dist. LEXIS 202409, at *5 (E.D. La. May 3, 2018) ("Evidence and testimony relating *solely* to claims that have already been dismissed are irrelevant to any remaining claims and defenses," and holding that argument about same is irrelevant and inadmissible.) (Emphasis in original). See also *First v. Agco Corp.,* 2022 U.S. Dist. LEXIS 154605, at *8 (N.D. Tex. Mar. 10, 2022) (granting motion in limine as to evidence of dismissed claims and noting plaintiff can appeal those rulings). Accordingly, this motion should be granted and order in limine should issue prohibiting any testimony, argument and/or comments by Plaintiff's counsel about the adequacy *vel non* of the criminal investigation or prosecution of Boeker.

5

**CONCLUSION**

For the foregoing reasons, Defendant Barrett Boeker's motion in limine should be granted and an order should issue herein excluding all evidence, testimony, arguments and/or statements by all counsel and/or any witness about the sufficiency *vel non* of the criminal investigation and/or criminal prosecution of Mr. Boeker.

Respectfully submitted,

**SMITH LAW FIRM**

*/s/ J. Arthur Smith, III*
J. Arthur Smith, III, T.A. (La. #07730)
830 North Street
Baton Rouge, La 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
Email: jasmith@jarthursmith.com

MICHAEL J. JEFFERSON
ATTORNEY AT LAW
La. Bar Roll No. 22430
P.O. Box 1906
Baton Rouge, LA 70821-1906
mjefferson@mjjefferson.com

*Counsel for Defendant, Barrett Boeker*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2024, a copy of the foregoing was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

  */s/ J. Arthur Smith, III*
J. Arthur Smith, III