UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | **CIVIL ACTION NO. 3:17-cv-01791** |
| **VERSUS** | **DISTRICT JUDGE BRIAN A. JACKSON** |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | **MAG. JUDGE ERIN WILDER-DOOMES** |

**DEFENDANT BARRETT BOEKER'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY ARGUMENT, TESTIMONY OR COMMENTS BY ANY WITNESS, THE PARTIES OR THEIR COUNSEL ABOUT MR. BOEKER'S ALLEGED PRIOR SEXUAL ASSAULT HEARSAY UNDER FEDERAL RULES OF EVIDENCE**

MAY IT PLEASE THE COURT:

**I.    Introduction**

Defendant, Barrett Boeker ("Mr. Boeker" or "Defendant"), respectfully submits this memorandum in support of his Motion in Limine to exclude any hearsay or other argument, testimony, or comments by any witness, parties, or their counsel relating to any prior allegation that Mr. Boeker raped, sexually assaulted, or sexually battered anyone. This memorandum outlines the legal basis for excluding such evidence under the Federal Rules of Evidence, specifically Rules 401-403, 801-803. For the reasons that follow, this motion should be granted.

**II.    Legal Standards**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 U.S. Dist. LEXIS 18648, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 U.S. Dist. LEXIS 17926, 2015 WL 631512, at

1

*1 (N.D. Miss. Feb. 13, 2015) Rule 403 of the Federal Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* Generally, out of court testimonial statements or allegations regarding a defendant's prior sexual assaults made to prove that a defendant engaged in other sexual assaults is not admissible unless the witness is unavailable, and the defendant had a prior opportunity for cross-examination.

### A. ARGUMENT, TESTIMONY OR COMMENTS BY ANY WITNESS, THE PARTIES OR THEIR COUNSEL ABOUT MR. BOEKER'S ALLEGED PRIOR SEXUAL ASSAULT SHOULD NOT BE ADMITTED INTO EVIDENCE UNDER RULES 801, 803, 404.

Hearsay, as defined by Rule 801, is an out-of-court statement offered to prove the truth of the matter asserted and is generally inadmissible under Rule 802 unless an exception applies. The Supreme Court clarified the application of the hearsay rule, emphasizing that statements against interest are admissible only if they are truly self-inculpatory. See *Williamson v. United States, 512 U.S. 594 (1994).* In *Ohio v. Roberts, 448 U.S. 56 (1980),* The Supreme Court held that hearsay statements are inadmissible unless they fall under a firmly rooted exception or bear particularized guarantees of trustworthiness. This case highlights the necessity of excluding hearsay to protect the defendant's right to confront witnesses and effectively cross-examine them at trial. Rule 803 provides exceptions to the hearsay rule, but none apply to the allegations in question. Any argument, testimony, or comments regarding prior allegations of rape, sexual assault, or sexual battery against Mr. Boeker would constitute hearsay. These statements are out-of-court assertions offered to prove the truth of the matter asserted and do not fall within any exceptions to the hearsay rule under Rules 803 or 804. Allowing such hearsay evidence would violate the foundational principles of a fair trial.

Moreover, under Rule 404(b)(1) of the Federal Rules of Evidence, evidence of prior crimes, wrongs, or acts is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character. The primary purpose of Rule 404(b) is to prevent unfair prejudice against the defendant by excluding evidence that suggests a propensity to commit crimes (*Moore's Federal Practice, § 404.20*). Even if the Plaintiff possesses non-hearsay evidence of prior sexual assaults, the evidence of Mr. Boeker's alleged prior sexual assaults does not meet the criteria for admissibility under Rule 404(b) as it is not being offered for a permissible purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

B. **ARGUMENT, TESTIMONY OR COMMENTS BY ANY WITNESS, THE PARTIES OR THEIR COUNSEL ABOUT MR. BOEKER'S ALLEGED PRIOR SEXUAL ASSAULT SHOULD NOT BE ADMITTED INTO EVIDENCE UNDER RULES 401-403.**

Even if the evidence sought to be introduced was not inadmissible, and it is, it would still be irrelevant and/or overly prejudicial. Federal Rule of Evidence 401 defines relevant evidence as evidence that has any tendency to make a fact more or less probable than it would be without the evidence and that is of consequence in determining the action. Fed. R. Evid. R. 40. Rule 402 provides that irrelevant evidence is not admissible. Even if evidence is relevant, Rule 403 allows the court to exclude it if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.*

The prior hearsay allegations against Mr. Boeker have no bearing on the issues at hand in the current case. They do not make any fact more or less probable concerning the instant matters being litigated and are therefore irrelevant under Rule 401. *ld Chief v. United States**, 519 U.S. 172 (1997):* The Supreme Court held that the probative value of evidence must be weighed

3

against its prejudicial impact. Evidence that has a high potential to prejudice the jury should be excluded if it offers minimal probative value. Introducing such commentary would only serve to unfairly prejudice the jury against Mr. Boeker, as outlined in Rule 403. The danger of unfair prejudice is significant; the jury might convict based on past allegations rather than the evidence presented in the current case. *United States v. Birch\*\*, 39 F.3d 1089 (10th Cir. 1994*): The Court here emphasized that evidence which poses a risk of unfair prejudice can be excluded under Rule 403 if it is not substantially more probative than prejudicial. In the Fifth Circuit, the court in *United States v. Abundiz* emphasized that evidence posing a risk of unfair prejudice can be excluded under Rule 403 if its probative value is not substantially greater than its prejudicial effect. In this case, the court ruled that the admission of certain evidence was more likely to provoke an emotional response from the jury, leading to unfair prejudice against the defendant, rather than providing meaningful probative value relevant to the instant issues being litigated. This ruling aligns with the principles of Rule 403, underscoring the importance of balancing the probative value of evidence against its potential to unfairly prejudice the jury. *United States v. Abundiz, 92 F.4th 825 (5th Cir. 2024)*.

## **CONCLUSION**

For the foregoing reasons, Mr. Boeker respectfully requests that this Court grant his Motion in Limine and issue an order excluding any argument, testimony, or comments by any witness, parties, or their counsel relating to any prior allegation that Mr. Boeker raped, sexually assaulted, or sexually battered anyone.

Respectfully submitted,

**SMITH LAW FIRM**

*/s/ J. Arthur Smith, III*
J. Arthur Smith, III, T.A. (La. #07730)

4

830 North Street  
Baton Rouge, La 70802  
Telephone (225) 383-7716  
Facsimile (225) 383-7773  
Email: jasmith@jarthursmith.com

*Counsel for Defendant, Barrett Boeker*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of July, 2024, a copy of the foregoing was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

*/s/ J. Arthur Smith, III*
J. Arthur Smith, III