UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | **CIVIL ACTION NO. 3:17-cv-01791** |
| **VERSUS** | **DISTRICT JUDGE BRIAN A. JACKSON** |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | **MAG. JUDGE ERIN WILDER-DOOMES** |

**LEFEBURE MIL EXCLUDE POLYGRAPH EVIDENCE AND RELATED TESTIMONY**

**MAY IT PLEASE THE COURT:**

Plaintiff Priscilla Lefebure hereby plaintiff hereby moves this Court *in limine* for an order excluding any and all evidence, references to evidence, any and all testimony, or argument relating to defendant's submission to a polygraph examination or his purported polygraph results.

This motion is made under the provisions of Federal Rules of Evidence 402 and 403, and is based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter or on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

Plaintiff Priscilla Lefebure has sued defendant under state law for assault and battery and under federal law for violation of 42 U.S.C.A. § 1983 and her Fourteenth Amendment right to be free from state intrusion on her bodily integrity. She brings these claims for Boeker's violent acts of sexual assault that occurred on December 1, 2016 and December 3, 2016. Second Amen. Compl., R.Doc. 212. Defendant Boeker claims these acts were consensual. R.Doc. 216, Boeker Answer, at

1

¶ 21. Ms. Lefebure will testify and has stated at deposition that these acts were in no way consensual and that she had deflected Mr. Boeker's advances from the start.

Defendant Boeker seeks to introduce evidence that he took a polygraph examination in which he allegedly "passed" by stating, *inter alia,* that Ms. Lefebure gave no indication she did not wish to participate in sexual intercourse on November 30, 2016. *See* R.Doc. 283, Defendant's Proposed Pretrial Order, Exhibit D4, Witness 9.

By this motion, Plaintiff seeks an order precluding the introduction of any evidence, or mention of evidence, relating to the fact that defendant submitted to a polygraph examination and any evidence concerning the results of that polygraph examination. This motion is based upon the grounds that the evidence is unreliable, unfairly prejudicial, and therefore inadmissible.

II.     **LAW AND ARGUMENT**

"A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir.1977) (internal quotation marks omitted).

"Polygraph results are not per se inadmissible in civil cases, but they must meet the standards announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) before they will be admitted." *Randle v. Tregre*, 147 F. Supp. 3d 581, 599 (E.D. La. 2015), *aff'd*, 670 F. App'x 285 (5th Cir. 2016) (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)). Pursuant to *Daubert*, "a district court should analyze: (1) the scientific validity of the method; (2) the extent to which the trier of fact will be assisted in understanding the evidence and determining the fact at issue;

2

and (3) whether the evidence will have a prejudicial effect which is not outweighed by its probative value." *Id.* (citing *Daubert*, 509 U.S. at 593–95).

Defendant Boeker did not produce this document in discovery and did not disclose it to Plaintiff or her counsel until it was listed in his proposed pretrial order. It can and should be excluded on that basis alone.

What is more, however, the polygraph and any related testimony are offered without any underlying support, the alleged examiner was not disclosed as an expert witness and cannot now provide testimony that would support his admission under *Daubert*, and, perhaps most egregiously admission of this purported polygraph test would be overly prejudicial and carry very limited if any probative value.

In this case the parties dispute whether Ms. Lefebure consented to the forced sexual acts she alleges. To admit undisclosed evidence of a polygraph examination, without proper foundation or credibility under *Daubert*, in a jury trial, would go against the weight of authority.

"Even if the evidence helps clarify which one of several competing versions of an event is true, simply functioning as a "tie-breaker" may not justify admitting the evidence absent additional factors that boost the probative value. *Adams v. City of Lake Charles*, No. 06-CV-1613, 2008 WL 1781422, at *2 (W.D. La. Apr. 18, 2008) (citing *United States v. Posado,* 57 F.3d 428, 435 (5th Cir.1995)).

Mr. Boeker was a polygraph examiner for the Louisiana Department of Corrections, the questions and answers to his exam are self-serving, and do not exculpate or exclude him from liability, nor do they prove Ms. Lefebure consented. (For example, no assault was alleged to have occurred on November 20, 2016).

3

### III. CONCLUSION

Polygraph examinations are inherently unreliable, and here Defendant seeks to introduce undisclosed polygraph results without any evidence of reliability under *Daubert*. As the jury is likely to believe that a polygraph examination is infallible and believe defendant's evidence despite its unreliability admission of the evidence will result in unfair prejudice to plaintiff, as well as confuse and mislead the jury, and should be excluded.

For all the reasons stated above, Plaintiff Lefebure asks the Court to exclude any reference at trial, including physical evidence, videotape, audiotape, documentary, witness testimony, and/or attorney comments, relating to Defendant's submission to a polygraph examination, or the results of a polygraph examination.

Respectfully submitted,

**RUTHERFORD LAW PC**

*/s/ Jack G. Rutherford*
Jack Griffith Rutherford, La. Bar No. 34968
RUTHERFORD LAW PC
900 Camp Street, #3C8
New Orleans, LA 70130
Telephone:    (415) 794-5639
Email:          jgr@rfordlaw.com

*Counsel for Plaintiff Priscilla Lefebure*

### LOCAL RULE 7(h) – CERTIFICATE OF MEET AND CONFER

I hereby certify that between July 17th and July 30th, counsel for Plaintiff met and conferred with counsel for Defendant at least twice, once by phone, and once by email regarding the subject of this motion. Despite best efforts, the parties were not able to come to an agreement.
*/s/ Jack G. Rutherford*

### CERTIFICATE OF SERVICE

I hereby certify that on this **2nd day of August 2024**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to all counsel registered for electronic service.
*/s/ Jack G. Rutherford*