UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | **CIVIL ACTION NO. 3:17-cv-01791** |
| **VERSUS** | **DISTRICT JUDGE BRIAN A. JACKSON** |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | **MAG. JUDGE ERIN WILDER-DOOMES** |

**LEFEBURE OPPOSITION TO DEFENDANT BOEKER'S MOTION *IN LIMINE* TO ADMIT EVIDENCE UNDER RULE 412(b)(2)**

**MAY IT PLEASE THE COURT:**

Plaintiff Priscilla Lefebure hereby plaintiff hereby opposes Defendant Boeker's Motion i*n Limine* to exclude evidence and testimony that he previously committed similar acts of sexual assault and rape against other victims. Defendant argues that such evidence would be minimally probative of whether he raped and sexually assaulted Ms. Lefebure and would have only a "high potential to prejudice the jury" against him. Despite these protestations, Federal Rule of Evidence 415 instructs otherwise.

Defendant Barrett Boeker, through R.Doc 282, seeks to exclude any argument, testimony, or commentary by any witness, the parties, or their counsel regarding allegations he has previously sexually assaulted other women. The Defendant files the motion in limine under Rules of Evidence 401-403, 801-803, 806, and 412. Unfortunately, defendant fails to mention Federal Rule of Evidence 415, which states explicitly that similar acts evidence is admissible in civil cases involving sexual assault or rape allegations.

1

I. **ARGUMENT**

Rule 415 allows for other acts evidence to be admitted in similar fashion to Rules 413 and 414. The most important factor bearing on probative worth under Rule 415 is the extent to which other incidents are similar to the acts in issue in the case. What counts is not only resemblances in the physical nature of the alleged acts and the other offenses, but broader situational parallels or connections. If willing to testify at trial, past victims of Mr. Boeker will attest to his strikingly similar pattern of sexual assault followed by gaslighting accusations of consent and remorse bolstered by his position with the state Department of Corrections and closeness with law enforcement.

Moreover, Rule 415 reaches offenses and acts that occurred after the acts of the present suit, as well as other offenses that occurred beforehand. Similar to Rules 413 and 414, 415 allows proof of prior sexual assault even if it did not lead to a conviction where acts can be proved by means of testimony that they occurred. When allowed other acts testimony may encompass details ed that go beyond what would normally be proved by evidence of a conviction. To minimize prejudice, the court could limit the number of acts that would be allowed into evidence and can limit the details that may be shown.

To completely deny the admissibility of such evidence where the rules themselves explicitly allow for it would cause Plaintiff to suffer extreme and unfair prejudice.

II. **CONCLUSION**

Defendant once again seeks to escape the consequences of his own actions through obfuscation and cries of unfairness. The Federal Rules of Evidence do not permit such escape and Defendant's motion to exclude evidence of his other, similar wrongful acts of sexual assault should be denied.

Respectfully submitted,

2

**RUTHERFORD LAW PC**

*/s/ Jack G. Rutherford*
Jack Griffith Rutherford, La. Bar No. 34968
RUTHERFORD LAW PC
900 Camp Street, #3C8
New Orleans, LA 70130
Telephone:    (415) 794-5639
Email:         jgr@rfordlaw.com

*Counsel for Plaintiff Priscilla Lefebure*

## CERTIFICATE OF SERVICE

    I hereby certify that on this **14th day of August 2024**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to all counsel registered for electronic service.

                                    */s/ Jack G. Rutherford*