## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>        *Plaintiff,* | **CIVIL ACTION NO. 3:17-cv-01791** |
| **VERSUS** | **DISTRICT JUDGE BRIAN A. JACKSON** |
| **BARRETT BOEKER, et al.**<br>        *Defendants.* | **MAG. JUDGE ERIN WILDER-DOOMES** |

## PLAINTIFF LEFEBURE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE MEDICAL TESTIMONY

Plaintiff Priscilla Lefebure respectfully submits this memorandum in opposition to Defendant Barrett Boeker's motion in limine to exclude any evidence or testimony related to her treatment and care for mental and physical injuries she suffered as a result of Defendant's rape and sexual assault. Defendant seeks to exclude everything from disclosed medical records and bills to any evidence or report from Dr. Karen Dantin, Dr. Kelly Cannon, Robin Neil, Tammy Lowrey or any other medical provider and to exclude any evidence of the extreme mental distress, anxiety, and anguish Plaintiff suffered as a result of Boeker's violent acts of sexual assault *See* R.Doc. 273-1; Boeker Mem. ISO Mot. *in Limine* to Exclude Medical Testimony.

Defendant's motion is unfounded and must be denied because Plaintiff timely and sufficiently disclosed each witness Defendant now seeks to exclude, including the facts and opinions upon which would testify if called. Made in accordance with Rule 26 of the Federal Rules of Civil Procedure and in response to Defendant's First Set of Interrogatories, Plaintiff made clear and Defendant was on notice that these witnesses were not retained as experts, but were the physicians and medical staff that treated and cared for her after she suffered Boeker's violent acts

of sexual assault that comprise the claims in this case. These non-retained, treating providers are not subject to the same disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. And because they were the treating physicians, Defendant has been aware of their identities and opinions for years. R.Doc. 273-3, at 11.

## LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (*citing Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

## I.    Plaintiff Made Timely and Proper Disclosures.

Defendant's Motion in Limine asks this Court to exclude testimony and evidence from Plaintiff's treating physicians and asserts that Plaintiff's disclosures regarding the four witnesses were not timely or proper under Rule 26(a)(2)(C). R.Doc. 273-1, at 5. Defendant admits Plaintiff made disclosures regarding these treating physicians in her discovery responses on March 10, 2022. R.Doc. 273-1, at 6. Defendant admits that these disclosures identified these witnesses as physicians or medical providers who were aware of the psychological and physical damages suffered by Plaintiff R.Doc. 273-1, at 6. Defendant also admits that Plaintiff provided information

regarding the facts and opinions upon which each witness was to provide testimony—namely, the physical and psychological damage and suffering the "incidents" caused Plaintiff R.Doc. 273-1, at 6. Further, Defendant admits that it is aware of medical records relating to Dr. Cannon's treatment of Plaintiff in December of 2016. R.Doc. 273-1, at 7. Because Defendant admits he had timely notice of who Plaintiff's treating physicians and medical providers were and the subject matter upon which they were be testifying, the Court should deny Defendant's Motion in Limine.

## II.    Plaintiff's Treating Physicians May Testify as Fact and/or Opinion Witnesses.

Defendant's motion in limine further asks this Court to limit the four witnesses listed from testifying as fact witnesses, claiming in conclusory fashion that the witnesses have no "first-hand, independent knowledge of any relevant facts" R.Doc. 273-1, at 8. Defendant does not provide a basis for this request but attempts to use Rule 26 to create a distinction between opinion testimony under FRE 701 and 702. FRE 701 addresses opinion testimony by a lay witness. A physician called to testify about diagnosis, treatment, presenting factors and/or prognosis is simply not required to produce an expert report. Rule 26, Official Commentary, 1993 Amendments ("A treating physician, for example can be ... called to testify at trial without any requirement for a written report."); *see also See Hart v. Allen*, N1-CV-699-SDD-RLB, 2023 WL 8772907, at *2 (M.D. La. Dec. 19, 2023).

In short, the Defendant does not complain of unfair surprise or that he was unfairly prejudiced due to plaintiff alleged failure to disclose a set of retained experts. Instead, Defendant makes a considerable jump, arguing that the testimony of the treating physicians should be excluded because it "would be needlessly duplicative" of Plaintiff's own testimony. Again, Defendant provides no legal support for this argument. In fact, the Comments to the 2010 amendments make it plain that treating physicians and medical providers may provide testimony

3

as a fact witness and expert: "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." Federal Rule of Civil Procedure 26, Official Comments. Thus, Defendant's Motion in Limine to exclude the evidence, records, and testimony of Plaintiff's treating physicians must be denied, as there is no legal or factual basis for such an exclusion.

### III. Testimony Regarding the Mental/Emotion Distress Suffered by Plaintiff as a Result of Being Sexually Assaulted Should Not Be Excluded.

At the end of his attempt to again silence Ms. Lefebure, Mr. Boeker asks this Court to exclude evidence that his violent physical and sexual assault was the cause or source of Plaintiff's alleged PTSD, extreme mental anguish, or emotional distress as a result. Again, Defendant provides no legal or factual bases for excluding the testimony of treating physicians and medical providers regarding what they observed about Plaintiff shortly after the incidents in question.

Even if medical providers were unavailable or excluded, Plaintiff could call lay witnesses to give fact, impression, and opinion testimony on her mental state." *United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013). Moreover, courts within the Fifth Circuit have permitted lay witnesses to provide opinion testimony as to causation of emotional stress and resulting headaches and upset stomachs. *See Ishee v. Fannie Mae*, 2014 U.S. Dist. LEXIS 165910, *1-4 (S.D. Miss. Nov. 26, 2014)). Similarly, "courts allow lay witnesses to testify as to their firsthand observations of the mental anguish or emotional distress suffered by parties. *Eubanks v. St. Tammany Parish Hosp.*, 2004 U.S. Dist. LEXIS 11524, *7 (E.D. La. Jun. 22, 2004); *Robert v. Maurice*, 2020 U.S. Dist. LEXIS 125859, *25-26 (E.D. La. Jul. 16, 2020) (*citing Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004)).

The Fifth Circuit has also held that "a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation" so long as the testimony establishes that "the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Vadie v. Mississippi State Univ.*, 218 F. 3d 365, 377 (5th Cir. 2000). While "a claimant's testimony alone may not be sufficient to support anything more than a nominal damage award . . . corroborating testimony and medical evidence is not required in every case involving compensatory damages." *Decorte v. Jordan*, 497 F. 3d 433, 442 (5th Cir. 2007).

For example, in *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996), the Fifth Circuit upheld: a $ 100,000 emotional damages award to a plaintiff who testified she suffered depression, weight loss, intestinal problems, and marital problems, had to be sent home from work because of her depression, and had to consult a psychologist; and a $ 75,000 emotional damages award to a plaintiff who testified he suffered depression, sleeplessness, and marital problems. *Decorte*, 497 F. 3d at 442. Similarly, in *Oden*, 246 F.3d at 470-71, the Fifth Circuit upheld compensatory damages awarded based on evidence "including the plaintiff's testimony concerning stress, sleeplessness, betrayal, and shame." *Decorte*, 497 F. 3d at 442; *Migis v. Pearle Vision, Inc.*, 35 F. 3d 1041, 1046 (5th Cir. 1998) (mental-anguish evidence consisted solely of lay testimony).

Ultimately, to exclude testimony on the commonsensical causal link between multiple sexual assaults and the emotional/mental distress suffered as a result is to ignore Fifth Circuit precedent holding that lay testimony alone is sufficient evidence upon which to award compensatory damages in such cases.

Defendant's Motion must be denied.

IV.    **CONCLUSION**

Defendant's motion makes far too broad of an exclusionary request and should be denied. Indeed, Plaintiff must be allowed some evidence prove her injury, treatment, damages and extreme mental distress. Plaintiff made timely and proper disclosures and Defendant has been on notice of these witnesses since at least March 2022, they have also long been on notice of the substantiative conclusions these treating medical providers would implicate. Defendant's motion in limine to exclude any expert or medical testimony in support of Plaintiff's injuries should be denied.

Respectfully submitted,

**RUTHERFORD LAW PC**

*/s/ Jack G. Rutherford*
Jack Griffith Rutherford, La. Bar No. 34968
RUTHERFORD LAW PC
900 Camp Street, #3C8
New Orleans, LA 70130
Telephone:    (415) 794-5639
Email:        jgr@rfordlaw.com

*Counsel for Plaintiff Priscilla Lefebure*

**CERTIFICATE OF SERVICE**

I hereby certify that on this14th **day of August 2024**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to all counsel registered for electronic service.

*/s/ Jack G. Rutherford*