UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | **CIVIL ACTION NO. 3:17-cv-01791** |
| **VERSUS** | **DISTRICT JUDGE BRIAN A. JACKSON** |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | **MAG. JUDGE ERIN WILDER-DOOMES** |

**DEFENDANT, BARRETT BOEKER'S OPPOSITION TO PLAINTIFF LEFEBURE'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S UNTIMELY DISCLOSED EXPERT FORENSIC SCIENCE WITNESSES**

NOW INTO COURT, comes Defendant, Barrett Boeker, who respectfully opposes Plaintiff Lefebure's Motion *in Limine* to exclude testimony from the three forensic science witnesses, who performed the DNA analysis on the Plaintiff for the Louisiana State Police Crime Lab. The Plaintiff argues that the three laboratory technicians whose skill and effort were used to create the Louisiana State Police Crime Laboratory report must necessarily be retained expert witnesses to testify to the facts contained within said report. The Defendant respectfully disagrees and submits that this witness should be allowed to testify as non-retained experts. The defendant also respectfully suggests that the crime lab report should suffice as their disclosure under FRCP Rule 26(a)(2)(C).

In conversation with Plaintiff's counsel, it was discussed that these three witnesses would be testifying as to the subject matter of the lab report that they created, which has long been in the Plaintiff's possession. A copy of this report has been attached hereto as Exhibit 1. It is also listed in the Defendant's pretrial order as PLF 00062-65 and has not been objected to by the Plaintiff.

1

I.      LAW AND ARGUMENT

It is the Defendant's position that these three witnesses were sufficiently disclosed as non-expert witnesses due to the fact that their testimony will be confined to the document that they created. As such, their testimony at trial complies with the Federal Rules of Evidence 401-403.

    a.      **The Three Forensic Science Witnesses are Non-Expert Witnesses Whose Testimony Should Not Be Excluded Under Federal Rule of Evidence 701 or 703.**

Marci C. Harden, Caitlin Traylor, and Kay Kay Babin are non-retained experts because they have not been retained by the Defendant for the purpose of providing expert testimony at trial. A non-retained expert is merely required to disclose the subject matter of the testimony and a summary of the facts and opinions to which the witness is expected to testify. *Farris v. Jefferson*, 2021 U.S. Dist. LEXIS 46877, at *3 (W.D. La. Mar. 11, 2021). As admitted by the Plaintiff in her Motion *in Limine*, it was disclosed to Plaintiff's counsel that the subject matter of these three witnesses' testimony would be the contents of the written Louisiana State Police Crime Laboratory report that has already been in the Plaintiff's possession. The portion of the document that the proposed witnesses prepared is approximately two pages, mostly describing the evidence submitted and the test results and conclusions. The "indication" referenced in the Plaintiff's motion was directly to these two pages, as that was the only portion of the report that was created by the proposed witnesses. Both pages directly relate to the DNA test in the Plaintiff's rape kit. Thus, this disclosure should be sufficient to meet the lesser disclosure requirements for non-retained expert witnesses and the Plaintiff's counsel has not been "surprised" by the Defendant's disclosure.

Further, the proposed witnesses should be allowed to testify as fact witnesses regarding the contents of the Louisiana State Police Crime Laboratory report which would be first-hand knowledge because they were the ones who performed the relevant tests and prepared the

document. The witnesses would merely be asked to explain the exhibit they have prepared which has been identified in both parties' pretrial orders.

b. **The Forensic Scientists' Testimony is Relevant to the Case at Hand**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the Plaintiff claims that Marci C. Harden, Caitlin Traylor, and Kay Kay Babin's testimony regarding the Louisiana State Police Crime Laboratory report that they created would be irrelevant to the central issue of consent in this case. However, the Plaintiff fails to mention any facts contained within the report itself. Specifically, the fact that the report shows DNA from a male that was not Mr. Boeker would be relevant to the argument that the Plaintiff's bruises that she will undoubtedly use as evidence of her lack of consent could have been caused by her sexual encounter with another person. Thus, the lab report and testimony surrounding the preparation of that report are relevant as they speak directly to the issue of consent.

Respectfully submitted,

**SMITH LAW FIRM**

     /s/ J. Arthur Smith, III     
J. Arthur Smith, III (La. #07730)
830 North Street
Baton Rouge, La 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
Email: jasmith@jarthursmith.com

MICHAEL JEFFERSON
ATTORNEY AT LAW
La. Bar Roll No. 22430
P.O. Box 1906
Baton Rouge, LA 70821-1906

3

mjefferson@mjjefferson.com

*Counsel for Defendant, Barrett Boeker*

## **CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 7(h)**

     I HEREBY CERTIFY that on this 28th day of August 2024, a copy of the foregoing was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing

               */s/ J. Arthur Smith, III*
                 J. Arthur Smith, III