**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PRISCILLA LEFEBURE** **CIVIL ACTION**

**VERSUS**

**BARRETT BOEKER, ET AL.** **NO. 17-01791-BAJ-EWD**

**RULING AND ORDER**

Now before the Court is Defendant Barrett Boeker's **Motion In Limine To Exclude Any Expert Or Medical Testimony And/Or Expert Reports, And To Exclude Any Evidence, Argument, Testimony Or Comments About Plaintiff's Alleged Mental Health Disorders (Doc. 273, *hereinafter* the "Medical Testimony Motion")**, and Plaintiff Priscilla Lefebure's **Sealed[1] Motion In Limine To Exclude Defendant's Untimely Disclosed Expert Forensic Science Witnesses (Doc. 305, *hereinafter* the "Forensic Scientists Motion")**. The Motions are opposed. (Docs. 292, 309).

A hearing on the Medical Testimony Motion was held on August 21, 2024. (Doc. 301). At the hearing, the Court ordered Plaintiff to submit "all summaries disclosed to Defendant Boeker regarding treating providers who may be called to testify at trial." (*Id.*). Those summaries were duly submitted. (Doc. 307). For the reasons that follow, the Medical Testimony Motion will be granted in part, and the Forensic Scientists Motion will be granted.

---

[1] The Court in this Ruling and Order has taken care not to address details that justified Plaintiff's filing of her Motion under seal.

## I. BACKGROUND

The facts of this suit have been covered in numerous prior rulings. (*See, e.g.*, Docs. 83, 209, 257). Plaintiff alleges that Boeker—then an Assistant Warden at the Louisiana State Penitentiary—raped and sexually assaulted her multiple times in December 2016. After these alleged attacks, Plaintiff had a rape kit administered and completed on December 8, at Woman's Hospital in Baton Rouge, Louisiana.

In advance of trial, Boeker brings the Medical Treatment Motion, which seeks to prevent Plaintiff's four treating medical provider witnesses from testifying at trial. (Doc. 273-1 at 1). Boeker argues that Plaintiff has failed to provide either expert reports or summary disclosures regarding these witnesses' testimony as required by the Federal Rules of Civil Procedure, and therefore the witnesses should not be permitted to testify as to causation or damages. (*See id.* at 2). Boeker also seeks to exclude any testimony regarding mental health disorders suffered by Plaintiff and their causes. (*See* Doc. 273-1 at 8).

For her part, Plaintiff brings the Forensic Scientists Motion, which seeks to prevent three forensic scientists identified by Boeker as witnesses because Boeker has failed to provide the required disclosure under the Rules. (Doc. 305 at 1). For this reason, Plaintiff argues, these witnesses should be barred from testifying as to their opinions regarding a DNA lab report created following Plaintiff's hospital visit after the alleged rapes.

## II. LAW AND ANALYSIS

### a. Treating Medical Provider Testimony Under Federal Rule of Civil Procedure 26

A testifying witness may provide either factual or opinion testimony at trial, depending on whether the witness is a lay or an expert witness. Fed. R. Evid. 701, 702. "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008). The Federal Rules of Evidence limit a lay witness testimony in the form of opinions or inferences to those opinions or inferences which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. If the witness is an expert witness whose opinion rests upon scientific, technical, or specialized knowledge that will assist the trier of fact to understand the evidence or determine a fact at issue, the witness may testify in the form of an opinion or otherwise if (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Pursuant to Federal Rule of Civil Procedure 26, a party who desires to call an expert witness at trial must disclose to the other parties the expert's identity. Fed. R.

Civ P. 26(a)(2)(A). Furthermore, if the expert witness is retained or specifically employed for the purpose of litigation, as contemplated by Rule 26(a)(2)(B), the proponent must produce to the other parties an expert report containing the expert's opinions, the facts and data used, any exhibits to be used, the witness's qualifications, other cases in which the expert has testified, and a statement of the compensation paid for services. Fed. R. Civ. P. 26(a)(2)(B); *Hannon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed.Appx. 31, 36 (5th Cir. 2012).

Generally, non-retained experts such as treating medical providers may testify beyond their personal knowledge if they base their expert opinions on "facts or data obtained or observed in the course of the sequence of events giving rise to the litigation." *Talbot v. Elec. Ins. Co.*, No. CV 17-299, 2018 WL 8223433, at *2 (M.D. La. Nov. 19, 2018) (quoting *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013)). Rule 26(a)(2)(C) governs the testimony, and production of an expert report is not required. However, the propounding party must submit a disclosure setting forth "the subject matter on which the witness is expected to present evidence under Federal Rule[s] of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *LaShip*, 296 F.R.D. at 481.

Here, Plaintiff's Rule 26(a)(2)(C) disclosures, which were submitted in their entirety by order of the Court, (Doc. 307), are patently deficient. Instead of summaries of the "facts and opinions to which [each] witness is expected to testify," Fed. R. Civ. P. 26(a)(2)(C), Plaintiff describes, in no more than one sentence for each witness, only

the subject matter of the testimony. (*See, e.g.*, Doc. 307 at 1–2 ("Karen C. Dantin, MD – Ms. Lefebure's primary care physician is aware of the psychological and physical damage Ms. Lefebure suffered because of the incidents"; "[Robin] Neil conducted a psychiatric exam of Ms. Lefebure in June 2019, and can testify to the psychological damage and suffering the incidents caused Ms. Lefebure"; "Tammy Lowery . . . collected rape kit, examined Plaintiff.")). For Dr. Kelly Cannon, Plaintiff only submits the date of disclosure of the records of her medical examination. (*Id.*). Plaintiff's submissions completely lack descriptions of facts or opinions that any of her proposed witnesses will testify to. Courts "must take care against requiring undue detail" in 26(a)(2)(C) disclosures, *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015), but Plaintiff's submissions fail even the most cursory examination. Finally, with respect to Dr. Cannon, for whom Plaintiff only submitted medical records, numerous courts have "rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify." *Williams v. Louisiana*, No. 14-00154, 2015 WL 5438596, at *3 (M.D. La. Sept. 14, 2015) (listing cases); *see Talbot*, 2018 WL 8223433, at *2. Plaintiff was required to produce Rule 26(a)(2)(C) reports by no later than 90 days prior to trial. Fed. R. Civ. P. 26(a)(2)(D)(i). The Court finds that Plaintiff has failed to submit the required disclosures.

Where a party fails to comply with Rule 26's disclosure requirements, the court must exercise its discretion in deciding whether or not to exclude such testimony. *Tajonera, v. Black Elk Energy Offshore Operations, LLC*, No. 13-0366, 2016 WL

3180776, at *10 (E.D. La. June 7, 2016). In evaluating whether to exclude expert testimony, the U.S. Court of Appeals for the Fifth Circuit instructs courts to consider four factors: (1) the explanation of the party for its failure to identify the witness, (2) the importance of the excluded testimony, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Tajonera*, 2016 WL 3180776, at *10 (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)). Here, like in *Tajonera*, neither party framed its arguments regarding the medical provider testimony according to this four-factor test. In *Tajonera*, the Court permitted an expert's testimony despite counsel failing to provide an expert report under Rule 26. *Tajonera*, 2016 WL 3180776, at *10. The Court determined that no prejudice would arise from allowing the testimony as the expert had been deposed nearly two years prior to the start of trial, the party offering the expert's testimony planned to only submit the expert's deposition, and the opposing party had notice for two years of "every word of [the expert's] testimony." *Id.* Here, unlike in *Tajonera*, Plaintiff has provided no information as to what her proposed medical provider witnesses intend to testify to other than the bare subject matter of their testimony. *See Mahar v. Nat'l R.R. Passenger Corp.*, No. CV 20-2994, 2022 WL 1102221, at *4 (E.D. La. Apr. 13, 2022), *reconsideration denied*, No. CV 20-2994, 2022 WL 1503417 (E.D. La. May 12, 2022) (finding that the plaintiff's "vague and conclusory statements regarding what her treating physicians will opine about and the basis for those opinions" did not satisfy Rule 26(a)(2)(C)). Plaintiff's submission "falls woefully short because it provides absolutely no detail about the . .

. opinions the treating [medical providers] will provide[,] nor does it summarize any facts upon which the treating [medical providers] will testify." *Logan v. Westfield Ins. Co.*, No. CV 17-29, 2020 WL 412216, at *8 (W.D. La. Jan. 24, 2020) (excluding treating physician testimony for failure to comply with Rule 26(a)(2)(C)).

Applying the four-factor test, the Court finds that the witnesses are important, Boeker will likely suffer significant prejudice from their testimony, and, as this case has been pending for seven years and the Court's docket is extremely congested, there is no opportunity for a continuance. *See Talbot*, 2018 WL 8223433, at *2 (applying the four-factor test and excluding treating medical provider testimony for failure to comply with Rule 26(a)(2)(C)). Additionally, Plaintiff offers no explanation, let alone a convincing one, for her failure to provide proper disclosures.

Because the Court finds that Plaintiff failed to comport with Rule 26(a)(2) and its requirements for disclosure related to witnesses who do not provide a written report, and that the failure to disclose was not harmless, any expert testimony that was to be offered at trial by Plaintiff's treating medical providers is hereby excluded. *See Hooks v. Nationwide Hous. Sys., LLC*, No. CV 15-729, 2016 WL 3667134, at *4 (E.D. La. July 11, 2016) (excluding treating medical provider testimony under Rule 26(c)(2) because plaintiffs "provided no information as to what [the witnesses] intend[ed] to testify other than [that it related to the] facts, data, and symptoms they observed in their patients during treatment" (quotations omitted)); *Talbot*, 2018 WL

8223433, at *2. These witnesses may, however, provide ordinary fact testimony based on their personal knowledge.[2]

**b. Forensic Scientist Testimony Under Rule 26**

Next, the Court turns to Plaintiff's Forensic Scientists Motion (Doc. 305), which seeks to exclude the testimony of Boeker's three forensic scientists as untimely and improperly disclosed, and to exclude the DNA lab report about which the witnesses were to testify. (*See id.* at 1). The witnesses are forensic scientists employed with the Louisiana State Police Crime Lab in Baton Rouge, and Boeker seeks their testimony regarding a DNA lab report made during the criminal investigation following the alleged rapes. (Doc. 309 at 1–2). Plaintiff argues that the Court should treat these witnesses as retained experts and exclude them because no expert reports were produced as required by Rule 26(a)(2)(B). (*See* Doc. 305 at 3). Boeker responds that the witnesses should be treated as non-retained experts, and that he made the proper summary disclosures as required by Rule 26(a)(2)(C). (Doc. 309 at 2).

Under either expert disclosure requirement, the Court finds that the witnesses must be excluded. First, it is undisputed that no expert reports were prepared or provided to Plaintiff regarding these witnesses' testimony. Second, if the witnesses are non-retained experts, no "summary of the facts and opinions to which the witness is expected to testify" was disclosed to Plaintiff. Fed. R. Civ. P. 26(a)(2)(C). Boeker

---

[2] Defendant also contends that Plaintiff's medical treatment providers should be barred from testifying as fact witnesses because "they have no first-hand, independent knowledge of any relevant facts and their testimony would consist only of inadmissible hearsay," (Doc. 273-1), but he provides no evidence or legal citations to support these assertions whatsoever.

does not dispute that he disclosed the identity of these witnesses to Plaintiff on July 30, 2024, well after the deadline required by Rule 26(a)(2)(D)(i), and that his only disclosure regarding the content of the testimony was that it would be related to the lab report. (Doc. 309 at 2). Ironically, Boeker is now in the position of arguing that this paltry description satisfies the requirements of Rule 26(a)(2)(C). It does not.

Third and most importantly, the purposes for which Boeker seeks to introduce the testimony and the lab report have already been barred in the Court's prior Ruling on another Motions in Limine. (*See* Doc. 313). That purpose is to show that the physical injuries suffered by Plaintiff were caused by someone else. The Court has already categorically barred such evidence and argument because Boeker has put forward nothing that would support such a conclusion. (Doc. 313 at 4). For this reason, Defendant's proposed forensic scientist witnesses and the lab report about which they were to testify are excluded.

**c. Mental Health Disorder Testimony**

Finally, Boeker seeks to exclude "any evidence, argument, testimony or statements from anyone that Plaintiff suffers from 'PTSD' [(Post-Traumatic Stress Disorder)] or any mental health disorder and the cause of same [sic]." (Doc. 273-1 at 8). To the extent any of Plaintiff's treating medical providers will testify as experts regarding mental health issues including PTSD, that testimony is excluded for the reasons explained above.

But the Court will not bar *any* testimony or evidence related to mental health and PTSD, and Boeker has cited no legal authority in support of his request. As an

example of testimony of this nature that could be presented at trial, lay witnesses are allowed to give opinion testimony on an individual's mental state. *See United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013) (citing *United States v. Diaz,* 637 F.3d 592, 600 (5th Cir. 2011); *Hansard v. Pepsi–Cola Met. Bottling Co.,* 865 F.2d 1461, 1466–67 (5th Cir. 1989)). Absent more information about the specific testimony and evidence Defendant seeks to exclude, the Court cannot discern at this juncture what would or would not be admissible at trial.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Barrett Boeker's **Motion In Limine To Exclude Any Expert Or Medical Testimony And/Or Expert Reports, And To Exclude Any Evidence, Argument, Testimony Or Comments About Plaintiff's Alleged Mental Health Disorders (Doc. 273)** be and is hereby **DENIED IN PART** and **GRANTED IN PART**. Plaintiff's proposed treating medical provider witnesses are excluded from testifying as experts. These witnesses may, however, provide ordinary fact testimony based on their personal knowledge.

**IT IS FURTHER ORDERED** that Plaintiff Priscilla Lefebure's **Sealed Motion In Limine To Exclude Defendant's Untimely Disclosed Expert Forensic Science Witnesses (Doc. 305)** be and is hereby **GRANTED**. Boeker's proposed forensic scientist witnesses and the lab report about which they were to testify are excluded from trial.

**IT IS FURTHER ORDERED** that Boeker's **Sealed Motion for Leave to File Defendant's Motion in Limine Under Seal to Exclude Plaintiff's Healthcare Providers Under Seal (Doc. 311)** and replica **Sealed Motion for Leave to File Defendant's Motion in Limine Under Seal to Exclude Plaintiff's Healthcare Providers Under Seal (Doc. 312)**, which were untimely filed without explanation or leave, and which seek the same relief as Boeker's prior motion on the subject, be and are hereby **TERMINATED AS MOOT**.

Baton Rouge, Louisiana, this 12th day of September, 2024

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**