UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRISCILLA LEFEBURE**<br>*Plaintiff,* | **CIVIL ACTION NO. 3:17-cv-01791** |
| **VERSUS** | **DISTRICT JUDGE BRIAN A. JACKSON** |
| **BARRETT BOEKER, et al.**<br>*Defendants.* | **MAG. JUDGE ERIN WILDER-DOOMES** |

**PLAINTIFF PRISCILLA LEFEBURE'S RESPONSE IN OPPOSITION TO DEFENDANT BOEKER'S MOTION FOR SPECIAL JURY QUESTIONNAIRE**

**MAY IT PLEASE THE COURT:**

Plaintiff Priscilla Lefebure hereby files this response to Defendant Barrett Boeker's motion for a special jury questionnaire, filed August 26, 2024. R.Docs. 306, 306-1. Keenly aware of the importance and need for an impartial and unbiased jury at trial on her claims, Plaintiff finds Defendant's proposed, special questionnaire invasive, overbroad, and unlikely to meet the goal of impartiality because it fails to yield information that would reveal a potential juror's attitudes, values, or beliefs as they apply to the facts of this case.

Defendant's single-paragraph motion argues that a special "written questionnaire is necessitated by the highly private and sensitive nature regarding questions as to sexual topics and the presumed reluctance of people to discuss their sexual experiences in open court." *Id.* at p. 1. While the venire's reluctance is certainly true, Defendant fails to articulate in the first instance how information about a juror's experience with sexual assault—what he terms "sexual experience"—will help eliminate bias from the jury.

1

I.     **RELEVANT LAW**

"The constitutional right to an impartial jury is an entitlement of subtle dimensions. Litigants are entitled to a juror selection procedure or regime that, drawing '. . . from a source fairly representative of the community . . .' does not systematically eliminate a cognizable group of citizens." (Higginbotham, P. – district judge) *McGinnis v. M. I. Harris, Inc.*, 486 F. Supp. 750, 755-56 (N.D. Tex. 1980) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 702 (1975). "Litigants are not entitled to a particular result of such a procedure…. If the right were [not to a fair procedure] but to a particular outcome, a party would be entitled to challenge his particular jury panel if it did not fairly represent the community. But, as *Taylor*, holds, a party is not so entitled." *McGinnis*, 486 F.Supp. at 756 (citing *Taylor*, *supra*, at 702).

Moreover, "[t]he examination of prospective jurors during voir dire is intended to expose possible juror biases and is employed to ensure that jurors are impartial. Not all juror biases, however, adversely affect a litigant's right to a fair trial. To violate due process, the bias must affect the juror's ability to impartially consider the evidence presented." *Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 515 (10th Cir. 1998) (citing *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984)).

A district judge has broad discretion in determining how best to conduct voir dire. Abuse of that discretion becomes susceptible to challenge only when the voir dire is "inadequate to discover bias or deprives a party of an opportunity to make reasonably intelligent use of his peremptory challenges." *Cimini v. Raymark Indus., Inc.*, 152 F.3d 297, 323 (5th Cir. 1998).

II.    **ARGUMENT**

Without citation to case law or elaboration as to what bias his questions are designed to elicit and eliminate, Defendant proposes an overly broad questionnaire that is not worded in

alignment with the facts of this case and includes one question which could inject bias against the Plaintiff by insinuating that false allegations of rape and sexual assault are at issue in this matter.

Defendant's first question asks, "have you, a family member, or a close friend, been sexually abused, sexually assaulted, been a victim of [sic], or other sex crime as an adult?" Most female and many male venire members will respond yes to this question as 1 in 2 women and 1 in 4 men have experienced some kind of unwanted sexual contact in their lifetime.[1]

If a juror responds yes, they are asked—without direction or limitation—to "discuss [their] experience" in question four. In addition to the potential for re-traumatization, this unbounded personal inquiry does not align with the allegations in this case so as to be able to determine whether a juror has had an experience similar to that of Plaintiff or Defendant.

Ms. Lefebure has not accused Defendant Boeker of "sexual abuse" or "other sex crime," neither phrase is well defined, and neither is substantially similar to Plaintiff's allegations of "rape and sexual assault," the latter with a foreign object. If there is usable information to be gleaned from a juror's parallel experiences—which Plaintiff in this civil matter strongly doubts—the questions should be accurately worded. *See* Michael R. Glover, THE RIGHT TO PRIVACY OF PROSPECTIVE JURORS DURING VOIR DIRE, 70 Cal. L. Rev. 708, 716 (1982) ("If a tabula rasa were required, all informed citizens would be excluded from jury duty.") (citing *Murphy v. Florida*, 421 U.S. 794, 799-800 (1975) ("[q]ualified jurors need not . . . be totally ignorant of the facts and issues involved," and the governing standard is whether a prospective juror exhibited "a partiality that could not be laid aside.")).

Defendant's proposed question number three creates more problems than the first two by injecting avoidable bias *into* the trial. Already asked whether the juror, a family member, or close

---

[1] Basile, K.C., Smith, S.G., Kresnow, M., Khatiwada S., & Leemis, R.W. (2022). The National Intimate Partner and Sexual Violence Survey: 2016/2017 Report on Sexual Violence. Atlanta, GA: National Center for Injury Prevention and Control, Centers for Disease Control and Prevention.

3

friend has been "accused of committing sexual abuse, sexual assault, or other sex crime," question three asks whether the juror, a family member, or close friend has been "*wrongfully* or *falsely* accused of committing sexual abuse, sexual assault, or other sex crime." R.Doc. 306-1. This question improperly suggests that this case involves "wrongful or false allegations" on Plaintiff's part—it does not. This case involves *allegations* of sexual assault and rape and *allegations* of consent as a defense—neither of which has yet been proven or disproved.

As well, Defendant does not propose how a juror is to have determined that a family member or close friend has been "wrongfully or falsely accused." Indeed, to know a friend or relative has been wrongfully accused the juror must either be aware of a criminal acquittal or they simply believe the accusations to have been untruthful. Neither circumstance provides the parties with information useful to their jury selection decisions and serves only to inject potential bias against Plaintiff into the jury.

If the Court decides that this type of invasive questioning is necessary, Plaintiff asks that the questions be reworded so that they may at least strive to elicit a juror's attitude, beliefs, and values as they relate to the facts of this case instead of merely a juror's experience. *See Murphy*, 421 U.S. at 799-800 (1975) ("[q]ualified jurors need not . . . be totally ignorant of the facts and issues involved").

To this end, Plaintiff proposes the following alternative questions and submits they need not be asked in written questionnaire form:

- This case involves allegations of sexual assault and rape. If you were the Plaintiff in a civil lawsuit bringing similar allegations, would you feel comfortable with having someone of your mindset and experience as a juror? Please give at least three reasons why or why not?

- Similarly, if you were the Defendant in a civil lawsuit accused of sexual assault and rape, would you feel comfortable with having someone of your mindset and experience as a juror? Please give at least three reasons why or why not?
- Please tell us your thoughts about women who sue for civil sexual assault or rape.
- Please tell us your thoughts about men who sue for civil sexual assault or rape.
- Do you have an opinion about women who accuse men of sexual assault?
    - Does your opinion change if a man is the victim and accuses a woman of sexual assault?
- Do you have an opinion about men who are accused of sexual assault?
    - Does your opinion change if a woman is the accused perpetrator?
- What percentage of sexual assaults do you believe are reported to law enforcement in the State of Louisiana? In Baton Rouge? West Feliciana Parish?
- In what percentage of these sexual assaults do you believe the victim was proven to have consented.

### III. CONCLUSION

"'No litigant is entitled to select a jury to his liking. He is only entitled to an impartial jury.'" *Rogers v. De Vries & Co.*, 236 F. Supp. 110, 112 (S.D. Tex. 1964) (quoting Goodman, The New Spirit in Federal Court Procedure, 1947, 7 F.R.D. 449, at p. 451). Defendant is not entitled to the jury he prefers, and he is certainly not entitled to put allegations not made in this case into the jurors' minds through the use of an overbroad, poorly worded, and invasive questionnaire.

Plaintiff Lefebure asks the Court to deny Defendant's motion for a special jury questionnaire, or, in the alternative, include questions that uncover potential juror bias as it relates to the allegations made in this case and that do not inject unnecessary bias from the start.

Respectfully submitted,

**RUTHERFORD LAW PC**

*/s/ Jack G. Rutherford*
Jack Griffith Rutherford, La. Bar No. 34968
RUTHERFORD LAW PC
900 Camp Street, #3C8
New Orleans, LA 70130
Telephone: (415) 794-5639
Email: jgr@rfordlaw.com

*Counsel for Plaintiff Priscilla Lefebure*

### CERTIFICATE OF SERVICE

I hereby certify that on this **13th day of September 2024**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to all counsel registered for electronic service.

*/s/ Jack G. Rutherford*